IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| *versus* | § | CRIMINAL NO. H-10-459 |
| | § | |
| WILMAR RENE DURAN-GOMEZ | § | |

### NOTICE OF FILING OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF ALL MOTIONS ON THE GROUNDS THAT "DEATH IS DIFFERENT"

The Defendant, by and through undersigned counsel, hereby submits this *Notice of Filing of Supplemental Authority in Support of all Motions on the Grounds that "Death is Different"*. The purpose of this filing is to set forth general support for the proposition that capital cases by their very nature are unique - requiring extraordinary procedural and substantive safeguards at every stage of the process.

The Defendant states his intention to rely upon and incorporate these "death is different" authorities and propositions of law, in support of every motion filed in this cause without specifically re-alleging them *in toto* time and again.

Lastly, the points, authorities and principles relied upon are based largely upon rights guaranteed to the Defendant by the Fifth, Sixth and Eighth Amendments to the United States Constitution, and the Defendant specifically incorporates **these** Constitutional grounds into all motions filed in this cause without specifically re-alleging them.

### "DEATH IS DIFFERENT"

A sampling of case law throughout the United States reaffirms the long-standing principle that "death is different". *See, e.g., Ring v. Arizona,* 536 U.S. 584, 122 S.Ct. 2428, 2441,

153 L.Ed.2d 556 (2002)("… [T]here is no doubt that [d]eath is different")(citation omitted)[1]. The Fifth Circuit long ago recognized that:

> [Death] is different from all other punitive measures in that it is the most severe and exacting disciplinary mechanism available to a society that considers itself civilized and decent. In addition, the termination of human life is the most final and decisive method for inflicting a penalty that can be conceived. It is precisely the inflexible and terminal nature of the death penalty that makes it **a matter of exceeding consequence to assure that before such a condemnation is made the individual receives the full force of the protections and safeguards guaranteed by the Constitution**.
>
> *Gholson v. Estelle*, 675 F.2d 734, 737 (5th Cir. Tex. 1982)(emphasis added)

More recently, the Fifth Circuit acknowledged "death is different" as a "bedrock principle" of our criminal jurisprudence which "is always a consideration in the handling of death [penalty] cases". *Buntion v. Quarterman*, 524 F.3d 664, 675 (5th Cir. Tex. 2008).

In *Harmelin v. Michigan*, 501 U.S. 957, 994, 111 S. Ct. 2680, 2701, 115 L. Ed. 2d 836 (1991), the Supreme Court explained that because "death is different", it had "imposed protections that the Constitution nowhere else provides". A decade later, in *Ring v. Arizona, supra*, Justice Breyer's concurrence confirmed that "[the] Eighth Amendment requires States to apply special procedural safeguards when they seek the death penalty". See also, Cantero & Kline, *Death is Different: The Need for Jury Unanimity in Death Penalty Cases*, 22 St. Thomas L. Rev. at 12-13 ("The Supreme Court has consistently recognized that the death penalty is

---

[1] *United States v. Moore*, 643 F.3d 451 (6th Cir. 2011)("as this and many other courts have held, death is simply different"), *Gilbert v. United States*, 640 F.3d 1293, 1320 (11th Cir. 2011)("the Supreme Court and this Court have long recognized that death is different"), *Fahy v. Horn*, 240 F.3d 239, 244 (3rd Cir. 2001)("As the Supreme Court has repeatedly stated …death is different"), *California First Amendment Coalition v. Calderon*, 88 F.Supp.2d 1083 (N.D.Cal. 2000)("A long line of Supreme Court cases acknowledge the truism that "death is different"), *Beck v. Alabama*, 447 U.S. 625, 100 S.Ct. 2382, 65 L.Ed.2d 392 (1980)("As we have often stated, there is a significant constitutional difference between the death penalty and lesser punishments").

qualitatively different from all other punishments, and therefore **demands extraordinary procedural protection against error."**)(emphasis added).

For illustrative purposes, examples of these unique protections and special safeguards include, but are not limited to, the following:

- **Certain classes of individuals are excluded from death penalty eligibility**. *See, e.g., Atkins v. Virginia*, 536 U.S. 304, 122 S. Ct. 2242, 153 L. Ed. 2d 335 (2002)(mentally retarded), *Roper v. Simmons*, 543 U.S. 551, 125 S. Ct. 1183, 161 L. Ed. 2d 1 (2005)(juveniles), *Enmund v. Florida*, 458 U.S. 782, 797, 102 S. Ct. 3368, 3376, 73 L. Ed. 2d 1140 (1982)(those who do not "kill, attempt to kill, or intend that a killing take place or that lethal force will be employed").

- **Certain trial procedures are different.** *See, e.g., Murray v. Giarratano*, 492 U.S. 1, 8, 109 S. Ct. 2765, 2769, 106 L. Ed. 2d 1 (1989)("The Constitution places special constraints on the procedures used to convict an accused of a capital offense and sentence him to death"), 18 U.S.C. § 3432 (right to witness and juror lists), 18. U.S.C. § 3005 (right to two counsel), *Federal Rules of Criminal Procedure* 24 (right to twenty peremptory challenges). *See also*, *Turner v. Murray*, 476 U.S. 28, 106 S. Ct. 1683, 90 L. Ed. 2d 27 (1986)(capital defendant in interracial murders entitled to *voir dire* on racial bias), *Woodson v. North Carolina*, 428 U.S. 280, 96 S. Ct. 2978, 49 L. Ed. 2d 944 (1976) and *Roberts v. Louisiana*, 431 U.S. 633, 97 S. Ct. 1993, 52 L. Ed. 2d 637 (1977)(mandatory death sentence unconstitutional).

- **A heightened standard of reliability and review is required.** *See, e.g., Caldwell v. Mississippi*, 472 U.S. 320, 105 S. Ct. 2633, 86 L. Ed. 2d 231 (1985)(Eighth Amendment's need for "heightened reliability"), *Hawkins v. Hargett*, 200 F.3d 1279 (10th Cir. 1999)("a

more searching Eighth Amendment review"), *Thompson v. Oklahoma*, 487 U.S. 815, 108 S. Ct. 2687, 101 L. Ed. 2d 702 (1988)(O'Connor, J., concurring)("… special care and deliberation")("… unique substantive and procedural restrictions …)("… Constitutional scrutiny … more searching than in the review of noncapital sentences"), *Eddings v. Oklahoma,* 455 U.S. 104, 118, 102 S.Ct. 869, 71 L.Ed.2d 1 (1982)(O'Connor, J., concurring) ("… extraordinary measures to ensure … process that will guarantee, as much as is humanly possible, that the sentence was not imposed out of whim, passion, prejudice, or mistake"), *United States v. Anderson*, 229 F. Supp. 2d 17, 25 (D. Mass. 2002) ("special care to assure the fairness and integrity of death penalty proceedings"), *Tillman v. State*, 591 So.2d 167 (Fla. 1991) ("more intensive level of judicial scrutiny or process than …lesser penalties"), *Bell v. Jackson*, 2008 WL 126576 (E.D. Mich. Jan. 14, 2008)[2] ("courts often impose stricter scrutiny of errors in capital cases than in noncapital ones"), *Cox v. Ayers*, 613 F.3d 883, 897 (9th Cir. 2010)("bar for establishing prejudice [in ineffective assistance of counsel claims] is set lower in death-penalty sentencing cases than in guilt-phase challenges and noncapital cases"), *Fahy v. Horn*, 240 F.3d 239, 245 (3rd Cir. 2001)(permitting equitable tolling of one-year statute of limitations for state habeas corpus petitions to permit federal review of otherwise untimely claim in capital case), *Harmelin v. Michigan*, 501 U.S. 957, 994, 111 S.Ct. 2680, 2701 (1991)("Proportionality review is one of several respects in which [Supreme Court has] held that 'death is different,' and [has] imposed protections that the Constitution nowhere else provides").

---

[2] *Adhered to on reconsideration,* 2008 WL 4185896 (E.D. Mich. Sept. 8, 2008) and *aff'd,* 379 F. App'x. 440 (6th Cir. 2010).

- **More is demanded of defense counsel.** *See, e.g., Doe v. Ayers*, 782 F.3d 425, 435 (9th Cir. Cal. 2015)("Death is different. So too are the lengths to which defense counsel must go in investigating a capital case")(citations omitted), *American Bar Association Guidelines for the Appointment and Performance of Defense Counsel in Death Penalty Cases (2003)*, Commentary to Guideline 1.1 ("Due to the extraordinary and irrevocable nature of the penalty, at every stage of the proceedings counsel must make 'extraordinary efforts on behalf of the accused.'"), Commentary to Guideline 9.1 (recognizing the "extraordinary responsibilities and commitment required of counsel in death penalty cases"). Commentary to Guideline 10.7 (counsel's "duty [to investigate] is intensified [as are many duties] by the unique nature of the death penalty", Commentary to Guideline 10.8 ("Because of the possibility that the client will be sentenced to death, counsel must be significantly more vigilant about litigating all potential issues at all levels in a capital case than in any other case"), Commentary to Guideline 1.1 ("… because of the extraordinary complexity and demands of capital cases, a significantly greater degree of skill and experience on the part of defense counsel is required than in a noncapital case").

Furthermore, in capital cases, **society** has a great interest, not just in "heightened reliability" and scrupulously fair proceedings, but equally, in the "appearance" of fair proceedings. *See, e.g.*, *Sawyer v. Whitley*, 505 U.S. 333, 112 S.Ct. 2514, 120 L.Ed.2d 269 (1992) (Stevens, J. concurring)("[i]t is of vital importance to the defendant **and to the community** that any decision to impose the death sentence be, **and appear to be**, the consequence of scrupulously fair procedures")(emphasis added).

The fundamental proposition set forth above - that the penalty of death is qualitatively different from every other punishment, requiring extraordinary statutory and procedural

safeguards - has been reinforced time and again by decisions of the United States Supreme Court[3]. As noted above, "heightened reliability" is a central theme in our death penalty jurisprudence[4].

Furthermore, to survive Constitutional scrutiny, the death penalty must "serve both goals of measured, consistent application and fairness to the accused", *Eddings v. Oklahoma*, 455 U.S. 104, 111, 102 S.Ct. 869, 875, 71 L.Ed.2d 1 (1982), and must "be imposed fairly, and with reasonable consistency, or not at all." *Id.* At a minimum, sentencing procedures must be designed so as to ensure that the death penalty will not be "inflicted in an arbitrary and capricious manner." *Gregg v. Georgia*, 428 U.S. 153, 188, 96 S.Ct. 2909, 49 L.Ed.2d 859 (1976).

---

[3]   *See, e.g.*, *Hitchcock v. Dugger*, 481 U.S. 393, 107 S.Ct. 1821, 95 L.Ed.2d 347 (1987); *Skipper v. South Carolina*, 476 U.S. 1, 106 S.Ct. 1669, 90 L.Ed.2d 1 (1986); *Caldwell v. Mississippi*, 472 U.S. 320, 105 S.Ct. 2633, 86 L.Ed.2d 231 (1985); *Eddings v. Oklahoma*, 455 U.S. 104, 102 S.Ct. 869, 71 L.Ed.2d 1 (1982); *Beck v. Alabama*, 447 U.S. 625, 100 S.Ct. 2382, 65 L.Ed.2d 392 (1980); *Lockett v. Ohio*, 438 U.S. 586, 98 S.Ct. 2954, 57 L.Ed.2d 973 (1978); *Coker v. Georgia*, 433 U.S. 584, 97 S.Ct. 2861, 53 L.Ed.2d 982 (1977); *Gardner v. Florida*, 430 U.S. 349, 97 S.Ct. 1197, 51 L.Ed.2d 393 (1977); *Woodson v. North Carolina*, 428 U.S. 280, 96 S.Ct. 2978, 49 L.Ed.2d 944 (1976).

[4]   *See, e.g., Caldwell v. Mississippi*, 105 S.Ct. at 2636 (Eighth Amendment's need for "heightened reliability in the determination that death is the appropriate punishment in a specific case.", *quoting Woodson v. North Carolina*, 428 U.S. 280, 305, 96 S.Ct. 2978, 2991, 49 L.Ed.2d 944 (1976) (plurality opinion), *Proffitt v. Wainwright* 685 F.2d 1227, 1253 (11th Cir.1982) ("Reliability in the factfinding aspect of sentencing has been a cornerstone of [the Supreme Court's death penalty] decisions."), *Beck v. Alabama*, 447 U.S. 625, 638, 100 S.Ct. 2382, 65 L.Ed.2d 392 (1988) (same principles apply to guilt determination). *Gregg v. Georgia*, 428 U.S. 153, 187, 96 S.Ct. 2909, 49 L.Ed.2d 859 (1976) (plurality opinion) (citing cases) ("Where a defendant's life is at stake, the Court has been particularly sensitive to insure that every safeguard is observed.").  *See Also, Elledge v. State* 346 So.2d 998 (Fla. 1977) ("heightened" standard of review), *Mills v. Maryland*, 108 S.Ct. 1860, 1866 (1988) ("In reviewing death sentences, the Court has demanded even greater certainty that the jury's conclusions rested on proper grounds."), *Reid v. Covert*, 354 U.S. 1, 77, 77 S.Ct. 1222, 1262, 1 L.Ed.2d 1148 (1957) (Harlan, J. concurring) ("So far as capital cases are concerned, I think they stand on quite a different footing than other offenses . . . I do not concede that whatever process is "due" an offender faced with a fine or a prison sentence necessarily satisfies the requirements of the Constitution in a capital case).

**WHEREFORE**, the Defendant respectfully sets forth, as indicated above, the supplemental points and authorities upon which he will rely in support of all motions filed in this cause.

                                  **Respectfully submitted,**

                                  */s/ Wendell A. Odom, Jr.*
                                  **WENDELL A. ODOM, JR.**
                                  **Texas State Bar # 15208500**
                                  **Federal Bar # 0947**

                                  */s/ Neal Davis, III*
                                  **NEAL DAVIS, III**
                                  **Texas State Bar # 24038541**
                                  **Federal Bar # 706329**
                                  **440 Louisiana, Suite 200**
                                  **Houston, TX 77002**
                                  **(713) 223-5575**
                                  **(713) 224-2815 (FAX)**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **Notice of Filing of Supplemental Authority in Support of All Motions on the Grounds that "Death is Different"** was delivered via electronic filing to the Assistant United States Attorneys in this cause on February 28, 2017.

                                  */s/ Neal Davis, III*
                                  **NEAL DAVIS, III**