United States District Court
for the Southern District of Texas
Houston Division

| | | |
|---|---|---|
| **United States of America** | § | |
| | § | |
| v. | § | Criminal No. H-10-459 |
| | § | |
| **Wilmar Rene Duran Gomez** | § | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### Motion Regarding Scheduling in Light of Certiorari Petition and COVID-19 Pandemic

Following the telephonic status conference on January 19, 2021, the Court directed Mr. Duran Gomez to file a two- to three-page motion "to stay or delay trial based on the defendant's application for writ to the Supreme Court and the Pandemic." ECF No. 610. This motion outlines Mr. Duran Gomez's basis for requesting such a deferral.

As explained in Mr. Duran Gomez's Motion to Defer Entry of Scheduling Order for 90 Days, he intends to file a petition for certiorari asking the Supreme Court to review the Fifth Circuit's opinion in this case. ECF No. 606 at 12; *see also* ECF No. 594. Certiorari petitions ordinarily are due 90 days after the court of appeals enters judgment. Sup. Ct. R. 13.1. Last March, however, the Supreme Court extended the deadline to 150 days "[i]n light of the ongoing public health concerns relating to COVID-19." Order List, 589 U.S. ___ (Mar. 19, 2020). Nevertheless, because this case has been pending for so long, and because the Fifth Circuit remanded the case for a "prompt trial," Mr. Duran Gomez intends to file his certiorari petition no later than 120 days after entry of the court of appeals' judgment, i.e., by April 23, 2021. If the government exercises its right to file a response within 30 days, *see*

1

Sup. Ct. R. 15.1, that filing would be due by May 23, 2021.  The Supreme Court is therefore likely to take final action on Mr. Duran Gomez's petition by early to mid-June.

Given the minimal additional delay involved, this Court should exercise its discretion to defer setting a trial schedule until after the Supreme Court has acted on Mr. Duran Gomez's petition.  "A district court has inherent power to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  *United States v. Colomb*, 419 F.3d 292, 299 (5th Cir. 2005).  This authority includes the "inherent power to stay proceedings pending resolution of parallel actions in other courts."  *Dietz v. Bouldin*, 136 S. Ct. 1885, 1892 (2016).  A district court's "discretion . . . to manage its docket" is "broad."  *In re Deepwater Horizon*, 713 F. App'x 360, 362 (5th Cir. 2018) (unpublished).

It appears that no rule or statute prohibits a district court from proceeding to, and conducting, trial while a party's certiorari petition is pending in the Supreme Court.  *See, e.g.*, *United States v. Bull Child*, 2010 WL 11672242, at *1 (D. Mont. Mar. 19, 2010) (noting that after defendant's interlocutory appeal was dismissed by Ninth Circuit, he filed petition for certiorari, which was denied after conclusion of trial on remand).  But as numerous courts have recognized, pausing further district court proceedings while a certiorari petition is pending serves "the interest of judicial economy," *Ortega v. J.B. Hunt Transp., Inc.*, 2018 WL 2717825, at *1 (C.D. Cal. Apr. 19, 2018), and "avoid[s] piecemeal litigation," *Pac. Bell Tel. Co. v. Pub. Utilities Comm'n of State of California*, 2004 WL 2713063, at *1 (N.D. Cal. Sept. 1, 2004).  Where a certiorari petition raises "matters that are outcome determinative," holding the case in abeyance "conserve[s] judicial and party resources."  *Milkowski v. Thane Int'l. Inc.*, 2008 WL 11342962, at *2 (C.D. Cal. July 21, 2008).  Such an approach carries

"obvious potential benefits": if the Supreme Court grants certiorari and reverses, "the federal case is likely at an end, and the time and effort of conducting . . . discovery and preparing for a trial . . . would have been wasted." *Davis v. Blige*, 2008 WL 2477461, at *2 (S.D.N.Y. June 16, 2008).

On the other hand, if the Court denies certiorari, the result will be, at worst, a "modest" delay in trial. *Milkowski*, 2008 WL 11342962, at *2. And indeed, it is unlikely that any delay—even a modest one—will end up being attributable to Mr. Duran Gomez's certiorari petition. For the reasons explained in his Motion to Defer Entry of Scheduling Order for 90 Days and attached declarations, the defense team will be unable to conduct additional fact and mitigation investigation until the pandemic abates. ECF No. 606. Capital investigation requires one-on-one, face-to-face, on-the-ground interviews with witnesses, often repeated over the course of several months so that investigators can build rapport and trust with people who may initially be reluctant to speak about difficult and sensitive topics. Such interviews for Mr. Duran Gomez's case, which require travel to El Salvador and several other out-of-district locations, are currently impossible because of COVID-related travel restrictions, and are likely to remain so until the fall at the earliest. Any additional delay from Mr. Duran Gomez's certiorari petition is therefore unlikely.

In addition, deferral of a scheduling will not "prejudice" the government to an extent that "outweighs the interests of judicial efficiency." *In re Effexor XR Antitrust Litig.*, 2012 WL 12918362, at *2 (D.N.J. Oct. 23, 2012) (staying further district court proceedings pending resolution of certiorari petition in separate case). Mr. Duran Gomez has already explicitly "consent[ed] to exclusion of the period of time from issuance of the mandate until the changed circumstances of the pandemic cease to exist." ECF No. 606 at 13. Thus the

government cannot complain that it will later be held responsible for any delay from an order holding this case in abeyance while Mr. Duran Gomez pursues certiorari.

    Mr. Duran Gomez therefore respectfully requests that the Court defer entry of a scheduling order for 90 days.

Respectfully submitted,

| | |
|---|---|
| /s/ Wendell A. Odom, Jr<br>WENDELL A. ODOM, JR.<br>Texas State Bar # 15208500<br>Federal Bar # 0947<br>440 Louisiana, Suite 200<br>Houston, TX 77002<br>(713) 223-5575<br>(713) 224-2815 (FAX)<br><br>/s/ Neal Davis, III<br>NEAL DAVIS, III<br>Texas State Bar #24038541<br>Federal Bar # 706329<br>440 Louisiana, Suite 200<br>Houston, TX 77002<br>(713) 223-5575<br>(713) 224-2815 (FAX) | /s/ James Wyda<br>JAMES WYDA (#25298)<br>Federal Public Defender<br>Office of the Federal Public Defender<br>100 South Charles Street<br>Tower II, 9th Floor<br>Baltimore, Maryland 21201<br>(410) 962-3962<br>(410) 962-0872 (FAX)<br>Email: jim_wyda@fd.org<br><br>/s/ Julie L.B. Stelzig<br>JULIE L.B. STELZIG (#27746)<br>Assistant Federal Public Defender<br>6411 Ivy Lane, Suite 710<br>Greenbelt, Maryland 20770<br>(301) 344-0600<br>(301) 344-0019 (FAX)<br>Email: julie_stelzig@fd.org |