| | |
|---|---|
| **From:** | Julie Stelzig |
| **To:** | Smith, Jason (USATXS); Cullen Macbeth |
| **Cc:** | Neal Davis III |
| **Subject:** | RE: Ex parte materials in Duran Gomez |
| **Date:** | Thursday, August 6, 2020 10:40:17 AM |

Jason,

Thank you for your email.  It appears that further discussion at this juncture will not be productive.  Lest our silence be misconstrued, we simply note for now that we do not agree with the characterizations in your email.

Julie

Julie L.B. Stelzig
Assistant Federal Public Defender
Office of the Federal Public Defender for the District of Maryland
6411 Ivy Lane, Suite 710
Greenbelt, Maryland 20770
Tel:  (301) 344-2318
Fax:  (301) 344-0019
Email:  julie_stelzig@fd.org

**From:** Smith, Jason (USATXS) [mailto:Jason.Smith2@usdoj.gov]
**Sent:** Tuesday, August 04, 2020 6:50 PM
**To:** Julie Stelzig <Julie_Stelzig@fd.org>; Cullen Macbeth <Cullen_Macbeth@fd.org>
**Cc:** Neal Davis III <nealdavis3@icloud.com>
**Subject:** RE: Ex parte materials in Duran Gomez

Hi Julie,

In its June 12 order, the Fifth Circuit granted Duran-Gomez and the United States access to sealed materials (including ex parte materials filed on behalf of those two parties) for use in litigating this appeal. The order provides that the parties are responsible for maintaining the integrity of the sealed material and that the material is for the parties' review only.

As I have confirmed in my previous messages, the United States is abiding by (and will continue to abide by) that order. We are only using the material to which the Fifth Circuit granted access in order to litigate this appeal. We are not using—and will not use—the material for any purpose beyond the scope of the Fifth Circuit's order (such as preparing for trial in the event of a remand). We are taking steps to maintain the sealed nature of the material.

This office has considered your request (which you renew in your email below) that we take steps beyond the terms of the order. Specifically, you have asked that we wall off certain AUSAs from some of the material and information. Doing so would effectively prevent those AUSAs from participating in certain aspects of the appeal (including, for example, reviewing draft appellate briefs touching on certain of the material). You have also asked us to tell you about our internal process of

litigating this appeal, namely by answering questions about whether particular material or information has been discussed with, or "disclosed" to, particular AUSAs. We do not believe either of those suggestions is appropriate and we cannot agree to them.

As reflected in my prior emails, we disagree with your assertions about the scope of the matters that Duran-Gomez put at issue in his motion to dismiss. Based on the terms of the Fifth Circuit's order, the matters Duran-Gomez put at issue, and the other circumstances of this case, we also disagree with your suggestion that discussion among counsel for the United States (in connection with litigating this appeal) regarding the material to which the Fifth Circuit granted access could somehow constitute "inappropriate disclosure" that would prejudice Duran-Gomez's right to a fair trial.

The Fifth Circuit granted the parties access to the sealed (and ex parte) material for use in litigating this appeal. The United States is using the material for that limited purpose. We are not using and will not use the material for a purpose beyond the scope of the Fifth Circuit's order. I hope that explicit confirmation allays some of your apparent concern about the United States using the material for another purpose. If you would like to correspond about the issue more after oral argument in the appeal, I would be happy to.

Best regards,

Jason Smith
Assistant U.S. Attorney
United States Attorney's Office
Southern District of Texas
1000 Louisiana Street
Houston, Texas 77002

Desk 713 567-9723

---

**From:** Julie Stelzig <Julie_Stelzig@fd.org>
**Sent:** Monday, August 03, 2020 5:40 PM
**To:** Smith, Jason (USATXS) <JSmith8@usa.doj.gov>; Cullen Macbeth <Cullen_Macbeth@fd.org>
**Cc:** Neal Davis III <nealdavis3@icloud.com>
**Subject:** RE: Ex parte materials in Duran Gomez

Hi Jason,

I am writing to follow up on this discussion of the government's handling of ex parte materials.

Neal and I, as two of the trial counsel, would appreciate the opportunity to discuss the government's position with you further before any disclosures are made to government trial counsel. In addition to the concerns cited in Cullen's emails, the trial attorneys are concerned about other forms of prejudice that have nothing to do with the matters on appeal. For example, the ex parte materials discuss the names and credentials of defense experts – information that is completely distinct from

the question of the amount and timing of funding – and has not been waived by the litigation of the funding issue.

I understand you are busy with the reply brief (or will be shortly), so if you would rather discuss it after you have filed or even after argument, we would simply ask that you not disclose the disputed materials to trial counsel until you (or other government counsel) have had a chance to continue conferring with us and for us to seek any appropriate judicial relief. Our concern is that if inappropriate disclosure is made without proper safeguards in place, the resulting prejudice and taint to Mr. Duran's rights to a fair trial may not be curable.

To that end, we are also requesting confirmation whether some or all of the ex parte materials have already been shared with trial counsel so that we may seek immediate relief if appropriate.  Please advise.

We are happy to include government trial counsel in those discussions if that would be helpful.

We appreciate your assistance in these matters.

Thank you,
Julie

Julie L.B. Stelzig
Assistant Federal Public Defender
Office of the Federal Public Defender for the District of Maryland
6411 Ivy Lane, Suite 710
Greenbelt, Maryland 20770
Tel:  (301) 344-2318
Fax:  (301) 344-0019
Email:  julie_stelzig@fd.org

---

**From:** Smith, Jason (USATXS) [mailto:Jason.Smith2@usdoj.gov]
**Sent:** Monday, August 3, 2020 2:52 PM
**To:** Cullen Macbeth <Cullen_Macbeth@fd.org>
**Cc:** Neal Davis III <nealdavis3@icloud.com>; Julie Stelzig <Julie_Stelzig@fd.org>
**Subject:** RE: Ex parte materials in Duran Gomez

Hi Cullen,

Thanks for your answers to those questions.

After considering the information you provided, the Fifth Circuit's order granting the parties access to sealed (and ex parte) material, the parties' arguments on Duran-Gomez's motion to dismiss, and the other circumstances in this case, we cannot agree to your proposal, which would require the

United States to "wall off" some of the AUSAs involved in this case.

We believe that Duran-Gomez's arguments in support of his motion to dismiss put his funding requests (and other filings related to resources needed to mount an effective defense) at issue more broadly than you suggest in your email. We also note that, in support of that motion, Duran-Gomez has argued that his defense was impeded because he was held at the Joe Corley Detention Center rather than FDC Houston. *See, e.g.,* ROA.1150-51. Those arguments have also put at issue his requests to be moved between the two facilities. *See, e.g.,* ROA.1808-19 (sealed) (request that Duran-Gomez be moved back to Joe Corley from FDC Houston).

Among the ex parte filings that you have identified, only the subpoena requests (the last two bullet points on your list) appear not to involve subject matter that Duran-Gomez has put at issue through his filings and arguments in support of his motion to dismiss. Arguably, Duran-Gomez has waived any privilege that might have existed in those subpoena requests (and any other documents initially filed ex parte) by failing to inquire about the documents' disclosure for more than a month after the Fifth Circuit issued its order granting both parties access to all ex parte materials that either of them had filed (along with all sealed materials in the record). Notwithstanding that fact, the United States does not intend to rely upon those subpoena requests or the information contained in them.

Your proposal would improperly limit the representation of the United States by drawing a distinction between particular AUSAs in this office and limiting which of them can be involved in responding to particular arguments that Duran-Gomez has raised (or will raise). That limitation is inappropriate and we do not agree that Duran-Gomez has (or could have) waived any applicable privilege with respect to only some AUSAs in this office, as your email asserts.

As I said in my initial response, the United States has abided by, and will continue to abide by, the Fifth Circuit's June 12 order regarding the sealed material (including ex parte material) in the ROA. We will continue to safeguard that material from improper disclosure in the public record. As we did with our opening brief, we will seek an order allowing our reply brief to be filed under seal if necessary to protect the integrity of sealed material. Your proposal seeks to impose substantial additional limitations to which we cannot agree.

Best regards,

Jason Smith
Assistant U.S. Attorney
United States Attorney's Office
Southern District of Texas
1000 Louisiana Street
Houston, Texas 77002

Desk 713 567-9723

**From:** Cullen Macbeth <Cullen_Macbeth@fd.org>
**Sent:** Thursday, July 30, 2020 3:38 PM

**To:** Smith, Jason (USATXS) <JSmith8@usa.doj.gov>
**Cc:** Neal Davis III <nealdavis3@icloud.com>; Julie Stelzig <Julie_Stelzig@fd.org>
**Subject:** RE: Ex parte materials in Duran Gomez

Jason,

Thanks for getting back to us. In response to your questions:

1) My last email was referring only to the ex parte materials in the ROA to which the Fifth Circuit granted the parties access. We are unaware of any other ex parte materials.

2) The bulk of the ex parte filings have to do with continuances and funding. But they also include:
- A December 9, 2010 request for appointment of additional counsel (ROA.1357-61).
- A February 23, 2011 motion asking that Mr. Duran Gomez remain at FDC Houston pending trial, and the district court's order (ROA.1370-74).
- A motion asking that the Joe Corley Detention Center permit our mitigation specialist, Gina Vitale, to meet with Mr. Duran Gomez, and the district court's order (ROA.1377-81).
- A September 15, 2015 motion for funding to hire consultant Walter Rideau, and the district court's order (ROA.1632-44).
- An October 9, 2018 motion asking that the Federal Public Defender's Office for the District of Maryland be appointed as co-counsel, and the district court's order (ROA.1798-1807).
- A motion (filed in April 2019) asking that Mr. Duran Gomez be moved from FDC Houston back to the Joe Corley Detention Center (ROA.1808-19).
- June 14, 2019 motions for subpoenas for (1) BOP and FDC Houston, and (2) the Marshals and the Joe Corley Detention Center, as well as the subpoenas issued by the district court (ROA.1838-70).
- A July 31, 2019 motion for a subpoena to ADT, and the district court's order granting the motion (ROA.1871-81).

In district court, we cited lack of funding as one reason the delay in this case has been so protracted. In making that argument, we spoke in very broad, general terms about insufficient funding. ROA.456. We did not go into any particulars about how the requested funding would be used, what experts we would retain, where we could conduct investigation, the scope of investigation to date, or any other specifics beyond bottom-line amounts and dates. As to the government's trial team, we do not believe our district court filings put in issue anything beyond the very basic facts in our motion to dismiss. Our position is therefore that the details in our ex parte filings have not been waived, at least as to the government's trial team.

We also do not believe we put in issue, or waived confidentiality with respect to, any of the items in the bullet-point list above, which do not bear on continuance requests or inability to access funding. Specifically, our motion to dismiss and reply made no mention of the request for funds to hire Walter Rideau because that request and the subsequent work with Mr. Rideau did not bear on our speedy trial arguments.

In our appellate brief, we do intend to go into greater detail regarding our requests for funding. The government can address our arguments in its reply brief, which we acknowledge will require you (and any other appellate attorneys) to review those materials. However, we believe the ex parte funding requests should not be shared with government trial attorneys. This is a capital prosecution, in which extra precautions are necessary to protect Mr. Duran Gomez's constitutional right to a fair trial.

In light of the above, please let us know the extent to which government trial attorneys have already viewed any ex parte materials and whether the government will agree to abide by the proposal in my last email on walling off ex parte materials from the trial team.

If you believe the government has a legitimate interest or need in accessing these ex parte materials, we would welcome hearing the government's position. If you would like to discuss this further, please contact Neal Davis, Julie Stelzig, or me.

Thank you,

Cullen Macbeth
Assistant Federal Public Defender
Federal Public Defender's Office
District of Maryland
6411 Ivy Lane, Suite 710
Greenbelt, MD 20770
(301) 344-0600

---

**From:** Smith, Jason (USATXS) [mailto:Jason.Smith2@usdoj.gov]
**Sent:** Wednesday, July 29, 2020 1:44 PM
**To:** Cullen Macbeth <Cullen_Macbeth@fd.org>
**Cc:** Neal Davis III <nealdavis3@icloud.com>; Julie Stelzig <Julie_Stelzig@fd.org>
**Subject:** RE: Ex parte materials in Duran Gomez

Hi Cullen,

We need a little more information in order to determine how to respond appropriately to your proposal.

First, I want to confirm that the ex parte material to which you refer in your email from last night is the same ex parte material in the record on appeal (ROA) that you and I discussed via email last week—namely, sealed material to which the Fifth Circuit granted the parties access approximately six weeks ago in its June 12 order. For reference, I have pasted our email chain from last week below your message from last night. If your message from last night refers to material other than what we discussed last week, please let me know.

Second (assuming that your email from last night refers only to the material included in the ROA pursuant to the Fifth Circuit's June 12 order), are you aware of any such ex parte filings on a subject other than: (1) Duran-Gomez's requests for continuance (or agreement with another party's request); or (2) Duran Gomez's requests for funding from the district court? If so, I would appreciate it if you could identify those filings by ROA page number. That information would be helpful in our internal discussions regarding how to respond to your proposal in light of the fact that Duran-Gomez put his continuance requests and funding requests at issue in his motion to dismiss before the district court. *See, e.g.,* ROA.456-57.

In the meantime, I can confirm that the United States has abided by, and will continue to abide by, the Fifth Circuit's June 12 order regarding the sealed material (including ex parte material) in the ROA. We will continue to safeguard that material from improper disclosure in the public record. As you know, we filed our opening brief under seal because it contains extensive quotations from (and discussions of) sealed material and we filed a redacted brief in the public record to protect those quotations from disclosure. We will do the same with respect to our reply brief.

After I hear back from you regarding the information above, I should be able to confer internally and get back to you about your proposal.

Thanks,

Jason Smith
Assistant U.S. Attorney
United States Attorney's Office
Southern District of Texas
1000 Louisiana Street
Houston, Texas 77002

Desk 713 567-9723

---

**From:** Cullen Macbeth <Cullen_Macbeth@fd.org>
**Sent:** Tuesday, July 28, 2020 6:22 PM
**To:** Smith, Jason (USATXS) <JSmith8@usa.doj.gov>
**Cc:** Neal Davis III <nealdavis3@icloud.com>; Julie Stelzig <Julie_Stelzig@fd.org>
**Subject:** Ex parte materials in Duran Gomez

Hi Jason,

It has come to our attention that you were provided with copies of all of the ex parte materials Mr. Duran Gomez filed in district court, in spite of our explicit request in the Joint Motion for Access to Sealed Records (Doc #00515431008) that the requested access to sealed materials exclude such ex parte materials. We also note that your opening brief cites information that came from those ex parte materials.

We believe the Fifth Circuit may have misconstrued our request, or otherwise released those materials to you in error. At a minimum, the Fifth Circuit's order granting access to the ex parte materials makes clear that they are for the parties' review only, and should be returned to the district court upon conclusion of the appeal. *See* Court Order of June 12, 2020 (Doc. #00515450586).

Regardless of whether the Fifth Circuit intended to provide you with copies of those documents for purposes of the appeal, we trust that you can also appreciate that those materials were filed ex parte for a reason, and that many of those materials contain work product of the defense to which the government would not ordinarily have access before a final appeal (if at all).

After discussing the matter with one of our trial attorneys in this case, Julie Stelzig (copied), we are therefore asking that you promptly agree to abide by the following conditions to "wall off" trial counsel and to help protect against unfair prejudice to Mr. Duran Gomez and his defense in this capital case:

1. To refrain from (a) sharing copies of any of the ex parte materials with any member of the trial team or (b) placing the materials in a folder or database that is accessible by any member of the trial team without court order to the contrary.
2. To refrain from discussing the contents of ex parte materials (beyond what is included in unsealed, publicly available pleadings) with any member of the trial team without court order to the contrary.
3. To ensure, consistent with Fifth Circuit rules, that if your reply brief references any information contained in ex parte materials, those portions of the brief be redacted in the unsealed, publicly available filing.
4. If any ex parte materials have already been shared or made available to any member of the trial team, to advise us of the extent of the disclosure and take the following mitigating steps: (a) ask trial team members to immediately return all copies of ex parte materials to you and not retain any copies; (b) remove all ex parte materials from any database or storage system accessible to any member of the trial team.
5. If the government wishes to rely on ex parte materials beyond those discussed above in its reply brief in a public pleading, to provide at least 48 hours' notice to review and comment before filing.

6. In the event of a remand, to agree that the government will not access, cite, share, or otherwise use in any way the ex parte materials in its investigation or before the district court prior to a court order to the contrary, after Mr. Duran Gomez's counsel has had an opportunity to be heard on the matter.

We ask that the government agree, in writing, to be bound by these proposed conditions to avoid prejudice to Mr. Duran Gomez by disclosure of ex parte materials, and to avoid the need for litigation of these matters while the appeal is pending.

We appreciate your assistance with this issue. If you have questions about any of the above, or whether certain use of the materials would be inconsistent with the spirit of the above, please contact either me, Neal, or Julie.

Thank you,

Cullen Macbeth
Assistant Federal Public Defender
Federal Public Defender's Office
District of Maryland
6411 Ivy Lane, Suite 710
Greenbelt, MD 20770
(301) 344-0600


**From:** Cullen Macbeth <Cullen_Macbeth@fd.org>
**Sent:** Wednesday, July 22, 2020 10:14 AM
**To:** Smith, Jason (USATXS) <JSmith8@usa.doj.gov>
**Cc:** Neal Davis III <nealdavis3@icloud.com>
**Subject:** RE: Question about ex parte materials

Thanks, Jason. And I appreciate the heads-up. I will be filing the motion shortly.

Cullen Macbeth
Assistant Federal Public Defender
Federal Public Defender's Office
District of Maryland
6411 Ivy Lane, Suite 710
Greenbelt, MD 20770
(301) 344-0600

**From:** Smith, Jason (USATXS) [mailto:Jason.Smith2@usdoj.gov]
**Sent:** Wednesday, July 22, 2020 10:33 AM

**To:** Cullen Macbeth <Cullen_Macbeth@fd.org>
**Cc:** Neal Davis III <nealdavis3@icloud.com>
**Subject:** RE: Question about ex parte materials

I'm very sorry to hear that you're sick. I hope that get your test results quickly and that your recovery is speedy and smooth.

The United States does not object to your motion for a one-week extension.

As a heads-up (in case it differs from what you're used to in the Fourth Circuit), the Fifth Circuit's local rules require that extension requests for appellate briefs be made at least seven days before the brief's due date. *See* 5th Cir. R. 31.4.1(a). If the request is made later, it needs to contain an explanation why the seven-day deadline was not met. In my experience that explanation can be pretty basic. Mine are usually one sentence, sometimes in a footnote—"This request was not filed 7 days in advance of the current deadline, as set forth in 5th Cir. R. 31.4.1(a), because . . . . ." If the 7-day requirement isn't addressed at all, the Clerk's office will sometimes summarily reject the extension request. That said, I didn't explicitly discuss it in my extension motion in this case, but since the facts laid out in the motion established why it wasn't filed 7-days in advance, it apparently didn't draw scrutiny.

Jason

**From:** Cullen Macbeth <Cullen_Macbeth@fd.org>
**Sent:** Wednesday, July 22, 2020 8:51 AM
**To:** Smith, Jason (USATXS) <JSmith8@usa.doj.gov>
**Cc:** Neal Davis III <nealdavis3@icloud.com>
**Subject:** RE: Question about ex parte materials

Ok, that does answer my question. Sounds like we both have access to all the same materials, as you say. Thanks, Jason.

Also, I am going to ask the Fifth Circuit for a one-week extension. I've been sick for the last week or so and can't work on the brief full steam. Based on the symptoms, I think it's probably covid, although I'm still waiting for my test results to come back. Regardless, I can't really get much work done. Does the government have any objection?

Cullen Macbeth
Assistant Federal Public Defender
Federal Public Defender's Office
District of Maryland
6411 Ivy Lane, Suite 710
Greenbelt, MD 20770

(301) 344-0600

**From:** Smith, Jason (USATXS) [mailto:Jason.Smith2@usdoj.gov]
**Sent:** Tuesday, July 21, 2020 6:22 PM
**To:** Cullen Macbeth <Cullen_Macbeth@fd.org>
**Cc:** Neal Davis III <nealdavis3@icloud.com>
**Subject:** RE: Question about ex parte materials

Hi Cullen,

Things are going reasonably well here and I hope the same is true for you and yours.

Unless I am mistaken, both parties have access to the same ROA. What I have is paginated from ROA.1 through ROA.2375 and ROA.2383 through ROA.2705.

Within the ROA, the sealed materials fall at ROA.1308 through ROA.1980 and ROA.2067 through ROA.2094. Those sealed documents were made available to the parties pursuant to the Fifth Circuit's June 12 order providing that, "[u]nless the court granted access to one or more specific documents ONLY, it is ordered, counsel for Wilmar Rene Duran-Gomez, United States of America may obtain all ex parte documents filed on behalf of Wilmar Rene Duran-Gomez, United States of America, and all other non ex parte documents in the record." So, as far as I am aware, that sealed portion of the record is where anything previously filed ex parte in the district court by the United States or Duran-Gomez would be.

While I don't have a list of the type you're requesting, hopefully the information above is helpful. Please feel free to reach out if there's anything else I can do.

Jason Smith
Assistant U.S. Attorney
United States Attorney's Office
Southern District of Texas
1000 Louisiana Street
Houston, Texas 77002

Desk 713 567-9723

**From:** Cullen Macbeth <Cullen_Macbeth@fd.org>
**Sent:** Tuesday, July 21, 2020 3:49 PM
**To:** Smith, Jason (USATXS) <JSmith8@usa.doj.gov>
**Cc:** Neal Davis III <nealdavis3@icloud.com>
**Subject:** Question about ex parte materials

Hi Jason,
I hope you are doing as well as possible under the circumstances. I'm writing with a question about the government's opening brief. In the brief, you cite to a motion we

filed in September 2015 asking for funds to hire Walter Rideau. As reflected on the first page of that motion (ROA.1632), it was filed ex parte and under seal. It was our understanding, based on Judge Hoyt's orders, that the government would not be given access to any filings we made ex parte. But based on inclusion of the Rideau motion in the ROA, it appears you do have access to at least some of our ex parte filings.

We are certainly not accusing the government of anything improper, but we would like to know the extent of your access to our ex parte filings, as it may affect what arguments we choose to make in our appellate brief. Some of those filings contain indications of defense strategy, and if the government is not already privy to them, that could bear on which filings we choose to put in issue in our brief. Can you please provide us a list (by date and docket number, if possible) of any ex parte filings we filed below to which the government has access in the ROA?

Thanks in advance for your assistance,

Cullen Macbeth
Assistant Federal Public Defender
Federal Public Defender's Office
District of Maryland
6411 Ivy Lane, Suite 710
Greenbelt, MD 20770
(301) 344-0600