**OFFICE OF THE FEDERAL PUBLIC DEFENDER**
**DISTRICT OF MARYLAND**
SOUTHERN DIVISION
6411 IVY LANE, SUITE 710
GREENBELT, MARYLAND  20770
TEL: (301) 344-0600
FAX: (301) 344-0019
TOLL FREE:   1-888-387-3384

JAMES WYDA                                                                                                    JULIE L.B. STELZIG
FEDERAL PUBLIC DEFENDER                                                       ASSISTANT FEDERAL PUBLIC DEFENDER

January 26, 2021

*Via E-Mail and U.S. Mail*

| | |
|---|---|
| Jill Jenkins Stotts | Barry Kent Disney |
| Lisa Marie Collins | US Department of Justice |
| Assistant United States Attorneys | Capital Case Section |
| US Attorney's Office, Southern District of Texas | 1331 F Street, NW |
| 1000 Louisiana Street, Suite 2300 | Washington, D.C. 20004 |
| Houston, TX 77002 | |

Jill, Lisa, and Barry,

      We are writing with regard to discovery in this case. This letter will (1) summarize all outstanding discovery requests, (2) include new discovery requests identified over the past several months; and (3) request a discovery conference in which we can discuss all of the outstanding requests and a plan for which items will be produced and which will require the assistance of the Court. As our investigation and preparation of a defense in this case depends upon a full production of discovery by the government, we appreciate the government's prompt attention to these requests, many of which have been outstanding for over a year.

## I.  OUTSTANDING DISCOVERY REQUESTS

- **Items sought by motion in 2014 that remain outstanding:**

In ECF No. 236, filed December 29, 2014, Mr. Duran Gomez filed a motion for disclosure, requesting production of contact information, statements, and A-files for all "the undocumented alien witnesses" that were interviewed in this case.  **[We note that many of the statements and some contact information were produced on January 31, 2017].**

- **Items requested in April 2019 that remain outstanding:**

1. Complete A-files for Mr. Duran-Gomez, as well as for co-defendants Efrain Rodriguez-Mendoza (aka Vicente Garduno), Jose Bolanos-Garza, Jose Fuentes, Patricia Holguin,

Jill Jenkins Stotts, AUSA  January 26, 2021
Lisa Marie Collins, AUSA
Barry Kent Disney
Page 2

and Mauricio Mercado, and for any potential witnesses for whom immigration benefits have been offered in relation to this case, including Judith Lopez (029372), Elias Castellon, Orlin Castellon, Javier Castellon, Juan Castellon, and Katherine Martinez (029316-17), Victor Espinoza-Diaz, Elvira Madrigal, Erika Godomar, Ivett Aragon, and CI SA-880-HO, among others. **[We believe we are entitled to a full copy of Mr. Duran Gomez's A-file under FRCP 16(a)(1)(B), (D), and (E)(i). As for the other A-files, we are happy to come review them in your offices and simply flag pages for which we are requesting copies. We add specific requests for the A-files of Pedro Portillo and Abrahan Melendez. We note the production of witness benefit paperwork at Bates 53112-53389].**

- **Items requested in June 2019 that remain outstanding:**

1. All phone records obtained by the government during its investigation. **[During our review of your files on January 23, 2020, there were two boxes of phone records. We requested copies of all of those records. One CD with cell phone material was produced on February 4, 2020, but we are unclear whether that was a subset of the material in the two boxes or something else. We request clarification and repeat our request for all phone records obtained by the government in this case, including responses to PENLINK requests, subpoenas, or other means].**

2. Any Cellbrite reports from phones.

3. Color copies of all photo arrays and information on whether witnesses were shown photo arrays in color or black and white. **[On December 3, 2019, we received color copies of Photo Arrays A, R, S, T, V, and Y, but still do not have color copies of the remaining arrays (all remaining letters of the alphabet, as well as least A1 through G1). In an email dated February 21, 2020, Mr. Disney advised he had asked the agents to prepare a "list of all photo arrays shown to a witness and . . . whether it shown in black and white or color." We are still waiting for this list, and for any additional color photo arrays not already identified as produced in this paragraph]. Please provide this information, or state in writing that it does not exist.**

4. Proffer letters and plea agreements for cooperating co-defendants. **[We have received copies of docketed plea agreements for Jose Fuentes, Patricia Holguin, and Mauricio Mercado pursuant to court order. Please confirm in writing that those docketed agreements constitute the entire agreements. We have not yet received proffer agreements for any of these individuals or for Judith Lopez (codefendant in Criminal Case No. 06-0459)].**

5. Complete information on which arrays were shown to which witnesses, as some arrays produced in discovery do not indicate to whom they were shown (for example Bates

Jill Jenkins Stotts, AUSA                                                                                         January 26, 2021
Lisa Marie Collins, AUSA
Barry Kent Disney
Page 3

      numbers 11-00178, -00182, -00183 to -00194). **[The response that Mr. Disney refers to in his February 21, 2020 email (see #3 above) appears as if it will address this request as well, once produced].**

**Items requested in July 2019 that remain outstanding:**

6. The complete file, including email communications, discovery, investigator files, notes, and internal memos regarding the investigation and prosecution of 06-0459 (obstruction charges), as well as the PSR from that case. [**We have since received the PSR from the Probation Office. We understand you located a slim paper file and we requested a copy of that on January 23, 2020. We received an email from Mr. Disney on February 24, 2020 advising that the file had been sent to us; I responded that same date explaining why I did not believe it had been. As for our request for email communications and electronic documents relating to this case, you have advised that the government will not produce these documents without court order].**

**Items requested in September 2019 that remain outstanding:**

1. DNA Reports and underlying data. We requested conformation that we had received the entire universe of DNA reports, which we identified from the discovery as DNA reports with the following dates: 1/22/2007 (5 pages, no DNA results indicated), 6/26/2007 (14 pages), 9/19/2007 (2 pages), 4/28/2008 (5 pages), 6/18/2008 (3 pages), 8/15/2008 (2 pages), 1/26/2009 (11 pages), 2/24/2009 (2 pages), 10/20/2016 (15 pages), 4/4/2017 (3 pages), and 8/22/2017 (9 pages). **[We repeat our earlier request that you confirm, in writing, whether or not this is the entire universe of DNA reports, and provide copies of any others if not yet produced. We also note that we have not received the full case file for Bode Case #CCB1656-0220, Supplemental Forensic Case Report 8/22/2017].**

2. Fingerprint reports – the only report we have received in discovery is dated 1/22/2007. There is a supplemental report that refer to fingerprints (4/28/2008), but it does not appear to contain different information with respect to fingerprint analysis. There are emails from March 2007 discussing a request to test palm prints (11101), but no results that we have found. There is also a request in 2016 for additional print analysis (64628-29), and that ROI 214 documents the receipt of a report dated August 4, 2016; that has not been produced**. [We also note reference to creation of another fingerprint report at 11118. Please produce these reports and confirm in writing that all requests for fingerprint analysis and completed fingerprint analysis have been produced.** We are making a separate request below for the data underlying these reports.

3. An additional copy of the DVD-R recording of the scene when the truck was recovered. This was produced, but the copy we have appears to be corrupted and we cannot open the

Jill Jenkins Stotts, AUSA  
Lisa Marie Collins, AUSA  
Barry Kent Disney  
Page 4

January 26, 2021

> file. [**I understand that your copy of this may be corrupted as well – please advise on the status**].

4. Contents of the Compaq Evo Desktop computer that was seized on 11/29/2007. **We have received electronic files that we understand may have come from this computer, but it is not a forensic bit-by-bit extraction of the computer. We note that a forensic image of the computer was requested by the government in 2007].**

5. It appears from correspondence produced in discovery that authorization was given to consume the entirety of certain forensic samples in 2007 (11152) and again in 2016 (64633), and that 100 percent of certain samples were consumed (e.g., 54142, 54144). **Please let us know, in writing, which, if any, DNA, serological, or other forensic samples were consumed in their entirety during the course of testing, as well as copies of any correspondence to defense counsel alerting them to this possibility.**

**Item requested via email November 2019**

1. Recordings of jail calls for Jose Fuentes. We received transcripts of these calls at Bates Numbers 13943-13974, but not the actual recordings **[We repeated this request in our February 23, 2020 letter, see below].**

**Items Requested After Our File Review on January 23, 2020**

1. When we were at your office on January 23, 2020 to review files, there were a small number of pages we had flagged for copying from the case agent files – mostly pages that had been produced in partial form (partially blocked by a post-it or folded page). We are still awaiting those copies. **The documents we received on February 4, 2020 do not correspond to the pages we flagged.**

**Items Requested in February 2020**

1. We have one set of interview notes from the initial interview of Mr. Duran Gomez on November 22, 2006 (816-825), and very brief notes from an interview on June 12, 2008 (1255-56). We are also aware that law enforcement attempted an uncounseled interview with Mr. Duran Gomez on March 18, 2014, *see* ECF No. 233. We are requesting information on whether other agent notes exist, whether any of these interviews or attempted interviews was recorded, and whether an interpreter was used (and if so, his or her name(s)).

2. We are missing interview notes from several interviews of witnesses or potential witnesses, including:

Jill Jenkins Stotts, AUSA  January 26, 2021
Lisa Marie Collins, AUSA
Barry Kent Disney
Page 5

   a. Jose Bolanos-Garza
      i. We are missing notes from his initial interview on January 28, 2011.
      ii. We have received notes from interviews from 2/11/2013, 2/22/2013, 4/19/2013, 5/2/2013, 8/16/2013, 9/13/2012, 9/18/2013, 4/10/2014, 12/16/2015, and 2/2/2016. Please advise if there were any other interviews (in addition to January 28, 2011) of Mr. Bolanos Garza and, if so, provide any notes of such interviews.
      iii. A typed summary of a May 2, 2013, interview contains the notation "Missing eight pages of notes here" (11646). Please provide an explanation of what happened to those notes, and whether those notes have since been found. If so, please produce them.

   b. Efrain Rodriguez-Mendoza
      i. We have notes from an interview on 3/3/2015, but none from the interview on 5/4/2017. Please produce any such notes, and advise whether other interviews of Mr. Rodriguez-Mendoza have been conducted apart from these two.

   c. Mauricio Mercado
      i. We are missing notes from his interview from 9/9/2016 and request their production.

3. All communications regarding efforts to identify the two victims in this case, including but not limited to communications with experts, foreign consulates or other government agencies.

4. A list of all individuals who viewed the victims or photographs of the victims and who failed to make an identification. **[In a February 24, 2020 email, Mr. Disney objected to responding to this request, instead asking us to identify what we already had. This is not consistent with the government's obligations under *Brady*. Nonetheless, in the interest of receiving a response to this request, we direct the government to Bates 4661 (referring to a "possible victim's relative unable to identify body" on 12/5/2006), as well as Bates Number 1309 (in which Cecilia Madrid was shown a post-mortem photo and sketch did not identify either as her son).**

5. Pages 13943-74 of the discovery are transcripts of recorded phone calls labeled "Fuentes recordings." Please produce copies of the underlying recordings.

6. Page 19319 of discovery refers to a CD of "consensual recording" from witness Rodrigo Leon-Castillo. If this is the same as the recordings requested in Paragraph 4, please so advise. If not, we are requesting a copy of this CD.

Jill Jenkins Stotts, AUSA  January 26, 2021
Lisa Marie Collins, AUSA
Barry Kent Disney
Page 6

7. Complete information regarding the attempted identifications of Mr. Duran Gomez made in this case, including:

    a. The identity of the individual(s) responsible for making the two photo arrays including Mr. Duran Gomez;
    b. The parameters or instructions provided to the individual(s) responsible for making the two photo arrays including Mr. Duran Gomez;
    c. Statements made, if any, to the individuals viewing the photo arrays in this case;
    d. The identity of the individual(s) responsible for arranging the live line-up in 2008;
    e. The parameters or instructions provided to the individual(s) responsible for making arrangements for the live line-up.

8. A working copy of the DVD-R recording of the live line-up that was done with Mr. Duran Gomez in 2008. The recording produced in discovery only plays for about 30 seconds (before the participants have finished lining up) and then ends abruptly.

9. In our production, the folders named Bag #0806094 (29855 – 29940), Bag #5043038 (29979 – 30608), and Clear Blue Plastic Organizer (32108 – 32283) are empty **(all from "Seizure of Duran's Residence 7614 Cortina, Box 1 of 3 (29855-32305)."** Please produce copies of those pages.

10. All *Brady* information, including all information in the possession, custody or control of the government or its agents, or that is reasonably known to the government that would either tend to negate guilt or minimize Mr. Duran Gomez's role in the charged offenses, indicate another's role in the charged offenses, or that would tend to be favorable to Mr. Duran Gomez on the issue of punishment or be considered by the jury as mitigating. This request specifically includes, but is not limited to, the following categories of information:

    a. All information not otherwise provided suggesting that one of the individuals to whom the government is providing cooperation benefits (whether pursuant to a plea agreement, immigration benefits, compensation, or otherwise) has not been truthful;
    b. In its filing at ECF No. 409, the government stated that Mr. Rodriguez-Mendoza's intent to "argue that his relative blameworthiness in the crime is below Mr. Bolanos-Garza's, and even further below Mr. Duran-Gomez's" in his motion to sever "directly contradicts statements made by Rodriguez-Mendoza during his proffer." ECF No. 409 at 14 & n.2. Mr. Duran Gomez requests all information supporting that statement by the government;
    c. The government's request for authorization to seek the death penalty against Mr. Rodriguez-Mendoza;

Jill Jenkins Stotts, AUSA  January 26, 2021
Lisa Marie Collins, AUSA
Barry Kent Disney
Page 7

    d. All documents and information reflecting the government's investigation into other individuals, including but not limited to: "Carnalito," "Gordo," Miguel Garduno, Alfredo Garduno, and Jose Dubon **[including investigation into any cartel involvement with these individuals]**;

    e. All information and documents reflecting U-Visa applications, based on being alleged victims of Mr. Duran Gomez, that were either not supported by the government or that were denied after submission.

- **Items requested via email in April, 2020**

1. We requested the photographs taken during execution of the search warrant from the warehouse located at Ashcroft Drive. We have received some external shots of the warehouse that are included in the bates range SWPHOTOS (27384-27659), but no photographs of the interior of the warehouse or items seized from that search. **[Based on the photo logs that begin at Bates 52432, there should be at least 610 photographs]**.

## II. NEW DISCOVERY REQUESTS

**Forensic Discovery Requests**

In addition to the existing requests for forensic discovery outlined above, we request the following discovery relating to forensic evidence in this case:

- **Autopsies**

    1. All notes and diagrams from the two autopsies

    2. All photographs taken at the Medical Examiner's Office (we note that we have internal photographs from one autopsy but not the other)

    3. Photographs or objects shown to the Medical Examiner (*see, e.g.*, Bates Number 10815-16)

- **Fingerprints**

    1. Fingerprint Report dated August 4, 2016 (referred to in ROI 214)

    2. For all fingerprint analysis performed in this case, we are requesting all information related to the application of ACE-V and the basis for the conclusion(s) reported. This should include:
        - Analyst bench notes, forms, and image annotations

Jill Jenkins Stotts, AUSA                                                                  January 26, 2021
Lisa Marie Collins, AUSA
Barry Kent Disney
Page 8

- Latent print imaging and annotation files (e.g. Photoshop, Mideo, CSIPix, Foray)
- Annotations (including digital, hardcopy, etc.) indicating which features formed the basis for conclusions, especially with respect to identifications.
- Image enhancement history, including metadata
- Any documented consultations between analysts, including conflicting opinions during Verification.

3. Comparison quality images of all latent prints collected in this case. Images of the latent prints must be of sufficiently high resolution (1000 ppi or more). The images may be provided in a JPEG format if the resolution is sufficiently high, and if the size of the files would be too burdensome in a lossless (TIF or RAW) format.

4. Comparison quality images of the known exemplars (fingers and palms if available) for Wilmar Duran Gomez, Jose Bolanos-Garza, Efrain Rodriguez-Mendoza, Victor Espinoza-Diaz, Manual Sanchez-Gonzalez, Gilberto Perrelta-Navarette, Miguel Garduno, and Alfredo Garduno. Exemplar images should be at 500 ppi or 1000 ppi depending on agency standards. These may be in a JPEG format. Faxes or low resolution images are not of sufficient quality for examination purposes.

- **DNA**

    1. Standard Operating Procedures and lab protocols, including lab interpretation protocols, applicable to each of the DNA analyses performed in this case

    2. All photographs taken during analysis. We have received photographs associated with the October 20, 2016 DNA report, but not any of the other ten (10) DNA reports

    3. All documents reflecting requests for DNA analysis, whether completed or not.

- **Serology**

    1. We have two reports referring to serology analysis (dated June 26, 2007 and March 24, 2017). Please confirm whether these two reports reflect all of the serology analysis performed in this case.

    2. For all stages of the serology analyses performed, please produce any requests or communications regarding the analyses, the bench notes, all photographs, and any other documentation reflecting the methods used, applicable protocols, and observations.

Jill Jenkins Stotts, AUSA  January 26, 2021
Lisa Marie Collins, AUSA
Barry Kent Disney
Page 9

- **Ballistics**

  1. We have received no results of any ballistic testing, other than results of a Nibin/IBIS search at Bates 13255-58. Please produce all ballistic testing in this case, including requests, reports, conclusions, correspondence, underlying data, notes, and photographs. For example, Bates Number 13551 suggests that a Bersa Thunder 380 was sent for ballistics testing in 2009, but we do not have results of any such testing.

- **Cell Phones**

  1. We have seen multiple requests for analysis of cell phones seized in this case (*see, e.g.* Bates Number 11197, 3575, and 3771). We request any and all forensic extractions from all cellular phones analyzed in this case. **[We have a few printed reports that appear to reflect extractions, *e.g.*, Bates 15394-15444, 15888-16189, but these are not in a format that can be analyzed].**

**Document Discovery**

1. In our production, the folder named Box 2 of 8 (48378-48384) **from Seizure Storage Unit** is empty. Please produce copies of those pages.

2. Bates Number 013281 refers to a Supplemental Report of Detective Williams. We have not received a copy of this report, and are requesting its production.

3. Bates Number 013281 also refers to an unsuccessful search of AFIS for the victims' prints, as well as a comparison of the victims' prints and the ID card found with the bodies by Sergeant Lester Phipps in which the result was a negative match. Please produce all reports reflecting these findings.

4. Photographs shown to witnesses during interviews. For example, during Mr. Rodriguez-Mendoza's 2017 interview (ROI 225), he was shown a number of alphabetically-labelled photographs of the warehouse and from the autopsies. Also, Bates Number 11194 suggests that certain photographs and a warehouse diagram were shown to several unspecified witnesses. Please provide copies of all the photographs and diagrams shown to all witnesses during their interviews, including any notations made on such photographs or diagrams during those interviews.

5. As part of its non-statutory aggravating factor of future dangerousness, the government alleges that Mr. Duran Gomez assaulted various women at different times: Ivett Aragon, Erika Godomar, Shawna Reyna, and Florencia Lopez. For each of these instances of alleged abuse, please produce the statements of any witnesses to the conduct described in the government's Notice of Intent, copies of any police

Jill Jenkins Stotts, AUSA  
Lisa Marie Collins, AUSA  
Barry Kent Disney  
Page 10

January 26, 2021

reports or 911 calls documenting any such conduct, medical records for any injuries alleged to have resulted from such conduct, and records for any counseling, mental health, or domestic violence treatment that was sought or provided as a result of the alleged conduct. We have the following documents that do not need to be re-produced: Bates Number 2408-09, 2420-58, and 15064-73 (files relating to assault conviction involving Erika Godomar, including 38 pages of medical records); Bates Numbers 14026-81 (files relating to VAWA petition of Ivett Aragon) and 24574-88 (HPD report regarding Ivett Aragon).

6. Please produce all communications (written or oral) between the government or its agents and witnesses relating to interview requests or attempts to interview made by members of the defense team for Mr. Duran Gomez. This request extends from the time of Mr. Duran Gomez's arrest on November 21, 2006 up until the present.

7. For both Jose Bolanos-Garza and Efrain Rodriguez-Mendoza, please produce the following records and information:

    - all records reflecting criminal conduct, charges or convictions (apart from charges in this case), whether from the United States or another country;
    - involvement in a gang or cartel;
    - disciplinary records from pretrial detention; **[we have one page for Mr. Bolanos-Garza at Bates 64638, and nothing for Mr. Rodriguez-Mendoza]**
    - information tending to negate or weaken claims that either defendant was remorseful, readily cooperative, or readily willing to accept a life sentence;
    - for Mr. Rodriguez-Mendoza, information that would tend to negate or weaken his claims of intellectual disability or mental impairment or disability.

8. A more legible copy (preferably native format) for Bates Number 7279.

9. Please identify the witness to whom the handwritten note "bad wit" refers (Bates Number 2100).

10. Please produce all investigation by the government into the presence or involvement of other individuals at the warehouse during the time period alleged in the second superseding indictment, including "Pericho," "Compadre," "Gordito," "Chicken Little," "Jumanji," and the "man from the vans," including the identification of these individuals, physical descriptions, sketches, photographs, and interviews of those individuals.

11. We request another opportunity to view the government's files in this case. We greatly appreciated your invitation to review those files, which we did on January 21, 2020. Because a number of our follow-up requests from that review remain

Jill Jenkins Stotts, AUSA                                             January 26, 2021
Lisa Marie Collins, AUSA
Barry Kent Disney
Page 11

    outstanding, it might make things easier for both parties if we could look at the items together for which we had requested copies during the January, 2020 review.

12. Finally, we will need to schedule a time for a review of the physical evidence in this case. As you will recall, this had been scheduled for the week of March 16, 2020, but was canceled because of the Court's order dismissing the indictment as well as the President's declaration of national emergency on March 13, 2020.

### III.   REQUEST FOR DISCOVERY CONFERENCE

    We appreciate that there are a large number of outstanding requests for discovery, and that you may need the assistance of other agencies to respond to some of them. We propose a scheduling conference at the beginning of March 2021. This should hopefully provide you with enough time to track down these various requests, verify the scope of outstanding records, and determine the logistics of responding to the requests. At that conference, we propose discussing the status of the requests, and identify which, if any, requests the government intends to oppose so that we can narrow and promptly identify areas in which we may need to seek the assistance of the Court.

    As always, if you have questions about any of these requests, please contact us.

                                                    Sincerely,

| | |
|---|---|
| /s/ Wendell A. Odom, Jr | /s/ James Wyda |
| WENDELL A. ODOM, JR. | JAMES WYDA (#25298) |
| Texas State Bar # 15208500 | Federal Public Defender |
| Federal Bar # 0947 | Office of the Federal Public Defender |
| 440 Louisiana, Suite 200 | 100 South Charles Street |
| Houston, TX 77002 | Tower II, 9th Floor |
| (713) 223-5575 | Baltimore, Maryland 21201 |
| (713) 224-2815 (FAX) | (410) 962-3962 |
| | (410) 962-0872 (FAX) |
| /s/ Neal Davis, III | |
| NEAL DAVIS, III | /s/ Julie L.B. Stelzig |
| Texas State Bar #24038541 | JULIE L.B. STELZIG (#27746) |
| Federal Bar # 706329 | Assistant Federal Public Defender |
| 440 Louisiana, Suite 200 | 6411 Ivy Lane, Suite 710 |
| Houston, TX 77002 | Greenbelt, Maryland 20770 |
| (713) 223-5575 | (301) 344-0600 |
| (713) 224-2815 (FAX) | (301) 344-0019 (FAX) |