**OFFICE OF THE FEDERAL PUBLIC DEFENDER**
**DISTRICT OF MARYLAND**
SOUTHERN DIVISION
6411 IVY LANE, SUITE 710
GREENBELT, MARYLAND  20770
TEL: (301) 344-0600
FAX: (301) 344-0019
TOLL FREE:   1-888-387-3384

JAMES WYDA                                                                                                            JULIE L.B. STELZIG
FEDERAL PUBLIC DEFENDER                                                              ASSISTANT FEDERAL PUBLIC DEFENDER

May 21, 2021

*Via E-Mail and U.S. Mail*

Jill Jenkins Stotts                                         Barry Kent Disney
Lisa Marie Collins                                       US Department of Justice
Assistant United States Attorneys              Capital Case Section
US Attorney's Office, Southern District of Texas    1331 F Street, NW
1000 Louisiana Street, Suite 2300              Washington, D.C. 20004
Houston, TX 77002

Jill, Lisa, and Barry,

As we discussed on May 5, we are writing to follow up on the government's discovery letter on April 30 and subsequent production on May 3.  We appreciate the government's efforts to produce discovery, and appreciate that the passage of time since the original offense makes this endeavor more challenging than in a typical case. This letter will identify areas in which we believe discovery remains outstanding. We have identified some additional discovery requests, but will send those by separate letter.

## I.    OUTSTANDING DISCOVERY REQUESTS

- **Items sought by motion in 2014 that remain outstanding:**

In ECF No. 236, filed December 29, 2014, Mr. Duran Gomez filed a motion for disclosure, requesting production of contact information, statements, and A-files for all "the undocumented alien witnesses" that were interviewed in this case.  [We note that many of the statements and some contact information were produced on January 31, 2017].

**In your letter of April 30, 2021, the government responded that we should file a motion to request this information. We direct the government's attention to ECF No. 236, the motion filed December 29, 2014.**

Jill Jenkins Stotts, AUSA                                                                                         May 21, 2021
Lisa Marie Collins, AUSA
Barry Kent Disney
Page 2

- **Items requested in April 2019 that remain outstanding:**

1. Complete A-files for Mr. Duran-Gomez, as well as for co-defendants Efrain Rodriguez-Mendoza (aka Vicente Garduno), Jose Bolanos-Garza, Jose Fuentes, Patricia Holguin, and Mauricio Mercado, and for any potential witnesses for whom immigration benefits have been offered in relation to this case, including Judith Lopez (029372), Elias Castellon, Orlin Castellon, Javier Castellon, Juan Castellon, and Katherine Martinez (029316-17), Victor Espinoza-Diaz, Elvira Madrigal, Erika Godomar, Ivett Aragon, and CI SA-880-HO, among others. [We believe we are entitled to a full copy of Mr. Duran Gomez's A-file under FRCP 16(a)(1)(B), (D), and (E)(i). As for the other A-files, we are happy to come review them in your offices and simply flag pages for which we are requesting copies. We add specific requests for the A-files of Pedro Portillo and Abrahan Melendez. We note the production of witness benefit paperwork at Bates 53112-53389].

**In its April 30, letter, the government requested that we file a motion seeking this information. We will do so shortly.**

- **Items requested in June 2019 that remain outstanding:**

1. All phone records obtained by the government during its investigation. [During our review of your files on January 23, 2020, there were two boxes of phone records. We requested copies of all of those records. One CD with cell phone material was produced on February 4, 2020, but we are unclear whether that was a subset of the material in the two boxes or something else. We request clarification and repeat our request for all phone records obtained by the government in this case, including responses to PENLINK requests, subpoenas, or other means].

**In its April 30 letter, the government states that it does not have a record of what was produced on February 4, 2020, but that it should comprise all the documents contained in the two boxes seen during the January 23, 2020 file review. Those documents were not bates stamped, but the only phone records contained in that production were photographs and contents of three cell phones attributed to Mr. Duran Gomez, including two partial Cellebrite reports. There were also jail calls, but those were not the focus of this discovery request. Rather, we have been requesting, and still request, are copies of all cellular phone records the government obtained (whether from physical downloads, search warrants, subpoenas, call detail records, pen register requests, or other). With respect to subpoenas, we can see from discovery that the government sought and obtained records from many phone numbers that have not been produced in discovery. This may not be a complete list, but we direct the government's attention to bates numbers 10cr-459-07316 (chart references contacts from a phone attributed to Mr. Duran Gomez; we have not received a**

Jill Jenkins Stotts, AUSA  
Lisa Marie Collins, AUSA  
Barry Kent Disney  
Page 3

May 21, 2021

**Cellebrite report from this phone. In addition, we are missing several of the subpoena returns listed on this chart, including for Ivett Aragon, Patricia Holguin, Walter Bennett, among others), 007326-28 (incomplete production), 007352, 013625 (incomplete production), 025998, 026049, 026084, 026087, 026090, 026202, 026207 (only part of date range produced), 026327, and 026554 for examples of requests for phone records that we have not received in discovery.**

**Finally, your letter of April 30 letter refers us to "the Penlink response" provided via USAFX, but we are not sure to what this refers. There were no Penlink responses contained in May 3, 2021 production via USAFX. Again, we refer the government to its own requests for phone records, referenced in the discovery, that have not yet been produced.**

2. Any Cellebrite reports from phones.

   **Your letter of April 30 did not contain a response to this request. We note that partial Cellebrite reports for two cellular phones was included in the February 4, 2020 production (LG and Samsung phones). We have not received Cellebrite reports from the two cellular phones seized when Mr. Duran Gomez was arrested (silver LG, phone number 713-899-1842, and black Kyocera, phone number 832-881-1748, although discovery refers to contacts from those phones (bates 10cr459-007314).**

   **Elsewhere, you have suggested you may be performing additional analyses of certain phones. Please provide an anticipated timeline for that work.**

3. Color copies of all photo arrays and information on whether witnesses were shown photo arrays in color or black and white.  [**On December 3, 2019, we received color copies of Photo Arrays A, R, S, T, V, and Y, but still do not have color copies of the remaining arrays (all remaining letters of the alphabet, as well as least A1 through G1). In an email dated February 21, 2020, Mr. Disney advised he had asked the agents to prepare a "list of all photo arrays shown to a witness and . . . whether it shown in black and white or color." We are still waiting for this list, and for any additional color photo arrays not already identified as produced in this paragraph]. Please provide this information, or state in writing that it does not exist.**

   **The May 3 production contains a Word document listing all the photo arrays shown to each witness. According to that document, witnesses were only shown black and white photo arrays. As previously noted, some color arrays have been produced (A, R, S, T, V, and Y). Please confirm whether it is the government's position that no witnesses were shown any photo arrays in color, including those color arrays already produced in discovery.**

Jill Jenkins Stotts, AUSA  
Lisa Marie Collins, AUSA  
Barry Kent Disney  
Page 4

May 21, 2021

4. Proffer letters and plea agreements for cooperating co-defendants. **[We have received copies of docketed plea agreements for Jose Fuentes, Patricia Holguin, and Mauricio Mercado pursuant to court order. Please confirm in writing that those docketed agreements constitute the entire agreements. We have not yet received proffer agreements for any of these individuals or for Judith Lopez (codefendant in Criminal Case No. 06-0459)].**

    **Your letter of April 30 responds that the government has "provided all reports we have via USAFX transfer." We do not understand this response. Our request was for (1) certification that the docketed plea agreements for the co-defendants and Judith Lopez reflect the only agreements with those individuals; and (2) copies of proffer letters for the same individuals. The USAFX transfer contained a single Word document that appears to be an unsigned draft of a proffer agreement with Efrain Rodriguez-Mendoza. We repeat our request for the government's certification that we have entire substance of the plea agreements with the co-defendants and Judith Lopez, and for copies of all proffer letters or other documents laying out the terms of cooperation.**

    **For example, we refer the government to bates number 10cr459-23384, in which AUSA Michael Kusin describes "the agreement with Judith and her attorney" that the government will move for a sentence of 12 months if she "testifies truthfully." That understanding is not reflected in her docketed plea agreement. (06-cr-0459, ECF No. 52).**

    **As another example, we refer the government to bates number 10cr459-065500, in which there appears to be a reference to a signed plea agreement to no more than 20 years for Mr. Bolanos-Garza.**

5. Complete information on which arrays were shown to which witnesses, as some arrays produced in discovery do not indicate to whom they were shown (for example Bates numbers 11-00178, -00182, -00183 to -00194). **[The response that Mr. Disney refers to in his February 21, 2020 email (see #3 above) appears as if it will address this request as well, once produced].**

    **If it is the government's position that the Word document produced in discovery reflects all of the photo arrays shown to each witness in this case, then this discovery request appears to be satisfied. As for the specific bates numbers mentioned in our request, you have responded that it is the government's "best belief" that these arrays were shown to Sergio. We assume that refers to Sergio Hevia.**

Jill Jenkins Stotts, AUSA                                                                                                May 21, 2021
Lisa Marie Collins, AUSA
Barry Kent Disney
Page 5

**Items requested in July 2019 that remain outstanding:**

6. The complete file, including email communications, discovery, investigator files, notes, and internal memos regarding the investigation and prosecution of 06-0459 (obstruction charges), as well as the PSR from that case.  [**We have since received the PSR from the Probation Office. We understand you located a slim paper file and we requested a copy of that on January 23, 2020. We received an email from Mr. Disney on February 24, 2020 advising that the file had been sent to us; I responded that same date explaining why I did not believe it had been. As for our request for email communications and electronic documents relating to this case, you have advised that the government will not produce these documents without court order**].

**We will file a motion shortly.**

**Items requested in September 2019 that remain outstanding:**

1. DNA Reports and underlying data. We requested confirmation that we had received the entire universe of DNA reports, which we identified from the discovery as DNA reports with the following dates: 1/22/2007 (5 pages, no DNA results indicated), 6/26/2007 (14 pages), 9/19/2007 (2 pages), 4/28/2008 (5 pages), 6/18/2008 (3 pages), 8/15/2008 (2 pages), 1/26/2009 (11 pages), 2/24/2009 (2 pages), 10/20/2016 (15 pages), 4/4/2017 (3 pages), and 8/22/2017 (9 pages).  [**We repeat our earlier request that you confirm, in writing, whether or not this is the entire universe of DNA reports, and provide copies of any others if not yet produced. We also note that we have not received the full case file for Bode Case #CCB1656-0220, Supplemental Forensic Case Report 8/22/2017**].

    **Your April 30 does not respond to the first part of our request. We repeat our request that the government confirm that the reports we have identified represent all of the DNA analysis performed in this case.**

2. Fingerprint reports – the only report we have received in discovery is dated 1/22/2007.  There is a supplemental report that refer to fingerprints (4/28/2008), but it does not appear to contain different information with respect to fingerprint analysis. There are emails from March 2007 discussing a request to test palm prints (11101), but no results that we have found. There is also a request in 2016 for additional print analysis (64628-29), and that ROI 214 documents the receipt of a report dated August 4, 2016; that has not been produced**. [We also note reference to creation of another fingerprint report at 11118.  Please produce these reports and confirm in writing that all requests for fingerprint analysis and completed fingerprint analysis have been produced.**  We are making a separate request below for the data underlying these reports.

Jill Jenkins Stotts, AUSA  May 21, 2021
Lisa Marie Collins, AUSA
Barry Kent Disney
Page 6

**Your April 30 letter states that the response to this request was provided via USAFX. The May 3 production, however, contained only the August 4, 2016 report. It does not contain the report referenced at Bates number 11118. Nor does the government's letter confirm that we have received all fingerprint reports.**

3. An additional copy of the DVD-R recording of the scene when the truck was recovered. This was produced, but the copy we have appears to be corrupted and we cannot open the file. [**I understand that your copy of this may be corrupted as well – please advise on the status**].

**Your April 30 letter states that the government's copy of this video is also corrupted. Please advise when you receive a copy of the file from Fort Bend police.**

4. Contents of the Compaq Evo Desktop computer that was seized on 11/29/2007. **We have received electronic files that we understand may have come from this computer, but it is not a forensic bit-by-bit extraction of the computer. We note that a forensic image of the computer was requested by the government in 2007].**

**Your April 30 letter states that the government did not make a forensic image of this computer, although it appears one was requested in 2007. Even if the government has not already created a forensic image from this computer, we request that the government do so now and make a forensic mirror image available to the defense.**

5. It appears from correspondence produced in discovery that authorization was given to consume the entirety of certain forensic samples in 2007 (11152) and again in 2016 (64633), and that 100 percent of certain samples were consumed (e.g., 54142, 54144). **Please let us know, in writing, which, if any, DNA, serological, or other forensic samples were consumed in their entirety during the course of testing, as well as copies of any correspondence to defense counsel alerting them to this possibility.**

**Your letter of April 30 certifies that no DNA samples were consumed in their entirety. This discovery request is satisfied. Please notify us promptly if the government learns of contrary information in the future.**

**Item requested via email November 2019**

1. Recordings of jail calls for Jose Fuentes. We received transcripts of these calls at Bates Numbers 13943-13974, but not the actual recordings [**We repeated this request in our February 23, 2020 letter, see below**].

**Your April 30 letter directs us to "items provided via USAFX." The only responsive item was a recording of a single phone call from the USAFX production on March 16, 2021.**

Jill Jenkins Stotts, AUSA								May 21, 2021
Lisa Marie Collins, AUSA
Barry Kent Disney
Page 7

**The recording has been heavily edited to remove all statements by one of the two participants, and appears to be a single call. It is also not clear that this is a recording on a jail phone as it contains no alerts of the call being recorded.**

**With respect to this recording produced on March 16, 2021, we request all information about the origin and source for this recording, the circumstances of the recording, as well as the date it was recorded. If the government has an unedited copy of the call, we request that as well.**

**Finally, we repeat our request for jail calls for Jose Fuentes, as no jail recordings for Mr. Fuentes have been produced in discovery so far.**

**Items Requested After Our File Review on January 23, 2020**

1. When we were at your office on January 23, 2020 to review files, there were a small number of pages we had flagged for copying from the case agent files – mostly pages that had been produced in partial form (partially blocked by a post-it or folded page). We are still awaiting those copies. **The documents we received on February 4, 2020 do not correspond to the pages we flagged.**

    **This request appears to be satisfied, thank you.**

**Items Requested in February 2020**

1. We have one set of interview notes from the initial interview of Mr. Duran Gomez on November 22, 2006 (816-825), and very brief notes from an interview on June 12, 2008 (1255-56). We are also aware that law enforcement attempted an uncounseled interview with Mr. Duran Gomez on March 18, 2014, *see* ECF No. 233. We are requesting information on whether other agent notes exist, whether any of these interviews or attempted interviews was recorded, and whether an interpreter was used (and if so, his or her name(s)).

    **The April 30 letter responds that the March 18, 2014 interview was for HIS/Immigration purposes. As Mr. Duran Gomez was being detained on a capital murder charge at the time, please explain what purpose HIS would have to interview Mr. Duran Gomez on that date. As noted above, we will shortly file a motion for production of Mr. Duran Gomez's A-file.**

    **Your April 30 letter does not address the remainder of our request, however. We repeat our request for information on (1) whether notes other than Bates number 816-25 and 1255-56) exist of interviews of Mr. Duran Gomez; (2) whether any of the interviews of**

Jill Jenkins Stotts, AUSA  May 21, 2021
Lisa Marie Collins, AUSA
Barry Kent Disney
Page 8

**Mr. Duran Gomez were recorded; and (3) whether an interpreter was used for any of the interviews (and if so, his or her name(s)).**

2. We are missing interview notes from several interviews of witnesses or potential witnesses, including:

   a. Jose Bolanos-Garza
      i. We are missing notes from his initial interview on January 28, 2011. **Produced May 3, 2021 – thank you. Please confirm that all sets of notes have been produced. We note that for some witness interviews, two sets of agent notes have been produced, while others only have one set.**
      ii. We have received notes from interviews from 2/11/2013, 2/22/2013, 4/19/2013, 5/2/2013, 8/16/2013, 9/13/2012, 9/18/2013, 4/10/2014, 12/16/2015, and 2/2/2016. Please advise if there were any other interviews (in addition to January 28, 2011) of Mr. Bolanos Garza and, if so, provide any notes of such interviews. **The government has confirmed it has now produced notes of all interviews with Mr. Bolanos-Garza. Please confirm that all sets of notes have been produced. We note that for some witness interviews, two sets of agent notes have been produced, while others only have one set.**
      iii. A typed summary of a May 2, 2013, interview contains the notation "Missing eight pages of notes here" (11646). Please provide an explanation of what happened to those notes, and whether those notes have since been found. If so, please produce them. **Explanation provided in April 30 letter.**

   b. Efrain Rodriguez-Mendoza
      i. We have notes from an interview on 3/3/2015, but none from the interview on 5/4/2017. Please produce any such notes, and advise whether other interviews of Mr. Rodriguez-Mendoza have been conducted apart from these two. **Notes from 5/4/2017 interview produced on May 3. Please confirm that no other interviews have been conducted other than this one and 3/3/2015. Also, please confirm that all sets of notes have been produced. We note that for some witness interviews, two sets of agent notes have been produced, while others only have one set.**

   c. Mauricio Mercado
      i. We are missing notes from his interview from 9/9/2016 and request their production. **Produced May 3, 2021, thank you. Please confirm that all sets of notes have been produced. We note that for some witness**

Jill Jenkins Stotts, AUSA  May 21, 2021
Lisa Marie Collins, AUSA
Barry Kent Disney
Page 9

> **interviews, two sets of agent notes have been produced, while others only have one set.**

3. All communications regarding efforts to identify the two victims in this case, including but not limited to communications with experts, foreign consulates or other government agencies. **Your letter of April 30 attests all responsive documents have been produced.**

4. A list of all individuals who viewed the victims or photographs of the victims and who failed to make an identification. **[In a February 24, 2020 email, Mr. Disney objected to responding to this request, instead asking us to identify what we already had. This is not consistent with the government's obligations under *Brady*. Nonetheless, in the interest of receiving a response to this request, we direct the government to Bates 4661 (referring to a "possible victim's relative unable to identify body" on 12/5/2006), as well as Bates Number 1309 (in which Cecilia Madrid was shown a post-mortem photo and sketch did not identify either as her son). Your April 30 letter attests that all responsive discovery has been produced.**

5. Pages 13943-74 of the discovery are transcripts of recorded phone calls labeled "Fuentes recordings." Please produce copies of the underlying recordings. **Your April 30 letter says this was previously produced, but see note above, pages 6-7.**

6. Page 19319 of discovery refers to a CD of "consensual recording" from witness Rodrigo Leon-Castillo. If this is the same as the recordings requested in Paragraph 4, please so advise. If not, we are requesting a copy of this CD. **Please see note above regarding the Fuentes recording. In addition, as it is apparent that the recording was heavily edited, please provide all documents or information regarding how this recording was made (whether at the government's request and, if so, what directions were given), who edited the recording and why, and whether other recordings of calls of Jose Fuentes exist.**

7. Complete information regarding the attempted identifications of Mr. Duran Gomez made in this case, including:

    a. The identity of the individual(s) responsible for making the two photo arrays including Mr. Duran Gomez; **No response in April 30 letter**
    b. The parameters or instructions provided to the individual(s) responsible for making the two photo arrays including Mr. Duran Gomez; **Response in April 30, 2021 letter.**
    c. Statements made, if any, to the individuals viewing the photo arrays in this case; **Response in April 30, 2021 letter.**

Jill Jenkins Stotts, AUSA  
Lisa Marie Collins, AUSA  
Barry Kent Disney  
Page 10

May 21, 2021

    d. The identity of the individual(s) responsible for arranging the live line-up in 2008; **Response in April 30, 2021 letter.**

    e. The parameters or instructions provided to the individual(s) responsible for making arrangements for the live line-up. **Your April 30 letter says no instructions were given. Can you please confirm that no parameters of instructions were provided to Mr. Duran Gomez's counsel in the obstruction case, including the parameters that induced Mr. Duran Gomez or his counsel to participate in the live line up?**

8. A working copy of the DVD-R recording of the live line-up that was done with Mr. Duran Gomez in 2008. The recording produced in discovery only plays for about 30 seconds (before the participants have finished lining up) and then ends abruptly. **Produced on March 16, 2021, thank you. The copy we have has very poor sound – please confirm whether a copy with better sound is available.**

9. In our production, the folders named Bag #0806094 (29855 – 29940), Bag #5043038 (29979 – 30608), and Clear Blue Plastic Organizer (32108 – 32283) are empty **(all from "Seizure of Duran's Residence 7614 Cortina, Box 1 of 3 (29855-32305)."** Please produce copies of those pages. **Your April 30 letter states that these documents will be made available at the evidence review. We have requested an evidence review for June 1-3; we will advise whether this request is satisfied after that review is completed.**

10. All *Brady* information, including all information in the possession, custody or control of the government or its agents, or that is reasonably known to the government that would either tend to negate guilt or minimize Mr. Duran Gomez's role in the charged offenses, indicate another's role in the charged offenses, or that would tend to be favorable to Mr. Duran Gomez on the issue of punishment or be considered by the jury as mitigating. This request specifically includes, but is not limited to, the following categories of information:

    a. All information not otherwise provided suggesting that one of the individuals to whom the government is providing cooperation benefits (whether pursuant to a plea agreement, immigration benefits, compensation, or otherwise) has not been truthful;

**Your April 30 letter responds "Rodriguez-Mendoza proffer provided via USAFX." Please confirm that there are no other documents or information responsive to this request.**

    b. In its filing at ECF No. 409, the government stated that Mr. Rodriguez-Mendoza's intent to "argue that his relative blameworthiness in the crime is below Mr. Bolanos-Garza's, and even further below Mr. Duran-Gomez's" in his motion to sever "directly contradicts statements made by Rodriguez-Mendoza during his

Jill Jenkins Stotts, AUSA  May 21, 2021
Lisa Marie Collins, AUSA
Barry Kent Disney
Page 11

> proffer." ECF No. 409 at 14 & n.2. Mr. Duran Gomez requests all information supporting that statement by the government;

**Your April 30 letter responds "Rodriguez-Mendoza proffer provided via USAFX." Please confirm that there are no other documents or information responsive to this request.**

    c. The government's request for authorization to seek the death penalty against Mr. Rodriguez-Mendoza;
    d. All documents and information reflecting the government's investigation into other individuals, including but not limited to: "Carnalito," "Gordo," Miguel Garduno, Alfredo Garduno, and Jose Dubon **[including investigation into any cartel involvement with these individuals]**;
    e. All information and documents reflecting U-Visa applications, based on being alleged victims of Mr. Duran Gomez, that were either not supported by the government or that were denied after submission.

**Your April 30 letter responds "none at this time." We direct the government's attention to Bates numbers 10cr459-011157 and 10cr459-007904-05, and 10cr459-009259, and repeat this request.**

- **Items requested via email in April, 2020**

1. We requested the photographs taken during execution of the search warrant from the warehouse located at Ashcroft Drive. We have received some external shots of the warehouse that are included in the bates range SWPHOTOS (27384-27659), but no photographs of the interior of the warehouse or items seized from that search. **[Based on the photo logs that begin at Bates 52432, there should be at least 610 photographs]**.

**Your April 30 letter states that the government has produced all photos in its possession, but has requested copies of the remaining photographs from the search of the warehouse (at least 349 photos) from the FBI. Please advise as to the status of this request.**

    II.    <u>NEW DISCOVERY REQUESTS</u>

**<u>Forensic Discovery Requests</u>**

In addition to the existing requests for forensic discovery outlined above, we request the following discovery relating to forensic evidence in this case:

- **<u>Autopsies</u>**

1. All notes and diagrams from the two autopsies

Jill Jenkins Stotts, AUSA  May 21, 2021
Lisa Marie Collins, AUSA
Barry Kent Disney
Page 12

2. All photographs taken at the Medical Examiner's Office (we note that we have internal photographs from one autopsy but not the other)

**The May 3 production contains two compressed files labeled autopsy photos. When we unzip the files, the documents inside do not open – we receive a message "Compressed (zipped) Folders Error – Windows cannot complete the extraction. The destination file could not be created." We are working with our IT staff, but may need these produced in a different format. If it helps, we do have autopsy photos at bates numbers 10cr459-002781-2900 and 2901-2991 (this latter set contains no internal photographs), so we do not need those re-produced.**

3. Photographs or objects shown to the Medical Examiner (*see, e.g.*, Bates Number 10815-16)
**We did not see a response to this request in the April 30 letter or May 3 production.**

- **Fingerprints**

   1. Fingerprint Report dated August 4, 2016 (referred to in ROI 214)

   2. For all fingerprint analysis performed in this case, we are requesting all information related to the application of ACE-V and the basis for the conclusion(s) reported. This should include:
      - Analyst bench notes, forms, and image annotations
      - Latent print imaging and annotation files (e.g. Photoshop, Mideo, CSIPix, Foray)
      - Annotations (including digital, hardcopy, etc.) indicating which features formed the basis for conclusions, especially with respect to identifications.
      - Image enhancement history, including metadata
      - Any documented consultations between analysts, including conflicting opinions during Verification.

   3. Comparison quality images of all latent prints collected in this case. Images of the latent prints must be of sufficiently high resolution (1000 ppi or more). The images may be provided in a JPEG format if the resolution is sufficiently high, and if the size of the files would be too burdensome in a lossless (TIF or RAW) format.

   4. Comparison quality images of the known exemplars (fingers and palms if available) for Wilmar Duran Gomez, Jose Bolanos-Garza, Efrain Rodriguez-Mendoza, Victor Espinoza-Diaz, Manual Sanchez-Gonzalez, Gilberto Perrelta-Navarette, Miguel Garduno, and Alfredo Garduno. Exemplar images should be at 500 ppi or 1000 ppi depending on agency standards. These may be in a JPEG format. Faxes or low resolution images are not of sufficient quality for examination purposes.

Jill Jenkins Stotts, AUSA  May 21, 2021
Lisa Marie Collins, AUSA
Barry Kent Disney
Page 13

**Your April 30 letter states that you have "re-requested all notes and reports." Please advise of the anticipated time frame for receiving those documents.**

- **DNA**

    1. Standard Operating Procedures and lab protocols, including lab interpretation protocols, applicable to each of the DNA analyses performed in this case

    2. All photographs taken during analysis. We have received photographs associated with the October 20, 2016 DNA report, but not any of the other ten (10) DNA reports.

    **Your April 30 letter states that you have provided "all known documents." Can you please confirm that photographs of the tested evidence were not created for the other nine DNA reports or, if they were, a timeframe for when they will be produced?**

    3. All documents reflecting requests for DNA analysis, whether completed or not.

- **Serology**

    1. We have two reports referring to serology analysis (dated June 26, 2007 and March 24, 2017). Please confirm whether these two reports reflect all of the serology analysis performed in this case.

    2. For all stages of the serology analyses performed, please produce any requests or communications regarding the analyses, the bench notes, all photographs, and any other documentation reflecting the methods used, applicable protocols, and observations.

    **Your April 30 letter responds that you have provided "all known documents," however, the government has produced <u>no</u> underlying documentation of the serology analysis performed in this case. We repeat this request.**

- **Ballistics**

    1. We have received no results of any ballistic testing, other than results of a Nibin/IBIS search at Bates 13255-58. Please produce all ballistic testing in this case, including requests, reports, conclusions, correspondence, underlying data, notes, and photographs. For example, Bates Number 13551 suggests that a Bersa Thunder 380 was sent for ballistics testing in 2009, but we do not have results of any such testing.

Jill Jenkins Stotts, AUSA  May 21, 2021
Lisa Marie Collins, AUSA
Barry Kent Disney
Page 14

**Your April 30 letter responds that these records have been re-requested from Ft. Bend police department. Your letter also states that the Bersa was unable to be test-fired – is that reflected in a report? If so, please produce.**

- **Cell Phones**

    1. We have seen multiple requests for analysis of cell phones seized in this case (*see, e.g.* Bates Number 11197, 3575, and 3771). We request any and all forensic extractions from all cellular phones analyzed in this case. **[We have a few printed reports that appear to reflect extractions, *e.g.*, Bates 15394-15444, 15888-16189, but these are not in a format that can be analyzed].**

**Document Discovery**

1. In our production, the folder named Box 2 of 8 (48378-48384) **from Seizure Storage Unit** is empty. Please produce copies of those pages. **Your April 30 letter states that these documents will be made available at the evidence review. We have requested an evidence review for June 1-3; we will advise whether this request is satisfied after that review is completed.**

2. Bates Number 013281 refers to a Supplemental Report of Detective Williams. We have not received a copy of this report, and are requesting its production.

3. Bates Number 013281 also refers to an unsuccessful search of AFIS for the victims' prints, as well as a comparison of the victims' prints and the ID card found with the bodies by Sergeant Lester Phipps in which the result was a negative match. Please produce all reports reflecting these findings.

4. Photographs shown to witnesses during interviews. For example, during Mr. Rodriguez-Mendoza's 2017 interview (ROI 225), he was shown a number of alphabetically-labelled photographs of the warehouse and from the autopsies. Also, Bates Number 11194 suggests that certain photographs and a warehouse diagram were shown to several unspecified witnesses. Please provide copies of all the photographs and diagrams shown to all witnesses during their interviews, including any notations made on such photographs or diagrams during those interviews.

**The May 3 production contains photographs shown to Messrs. Bolanos-Garza and Rodriguez-Mendoza, but our request extended to photographs and diagrams shown to all witnesses, not just those two. We also requested any notations made by any witnesses on any documents shown to them. We understand that photo arrays have been produced, but**

Jill Jenkins Stotts, AUSA  
Lisa Marie Collins, AUSA  
Barry Kent Disney  
Page 15

May 21, 2021

**repeat our request that all other photographs and diagrams shown to any witness in this case be produced.**

5. As part of its non-statutory aggravating factor of future dangerousness, the government alleges that Mr. Duran Gomez assaulted various women at different times: Ivett Aragon, Erika Godomar, Shawna Reyna, and Florencia Lopez. For each of these instances of alleged abuse, please produce the statements of any witnesses to the conduct described in the government's Notice of Intent, copies of any police reports or 911 calls documenting any such conduct, medical records for any injuries alleged to have resulted from such conduct, and records for any counseling, mental health, or domestic violence treatment that was sought or provided as a result of the alleged conduct. We have the following documents that do not need to be re-produced: Bates Number 2408-09, 2420-58, and 15064-73 (files relating to assault conviction involving Erika Godomar, including 38 pages of medical records); Bates Numbers 14026-81 (files relating to VAWA petition of Ivett Aragon) and 24574-88 (HPD report regarding Ivett Aragon). **Your April 30 letter certifies that all relevant discovery has been produced.**

6. Please produce all communications (written or oral) between the government or its agents and witnesses relating to interview requests or attempts to interview made by members of the defense team for Mr. Duran Gomez. This request extends from the time of Mr. Duran Gomez's arrest on November 21, 2006 up until the present. **Your April 30 letter certifies that all relevant discovery has been produced.**

7. For both Jose Bolanos-Garza and Efrain Rodriguez-Mendoza, please produce the following records and information:

   - all records reflecting criminal conduct, charges or convictions (apart from charges in this case), whether from the United States or another country; **Your April 30 letter refers us to the May 3, 2021 USAFX production, but that contains only a four-page "rap" sheet. With respect to both Mr. Bolanos-Garza and Mr. Efrain Rodriguez-Mendoza, we repeat our requests for all information regarding other criminal conduct, whether in the United States or another country. We refer the government to bates number 10cr459-065500, which appears to refer a pending 45-year sentence in Mexico for Mr. Bolanos-Garza.**
   - involvement in a gang or cartel; **In your April 30 letter, you direct us to Mr. Rodriguez-Mendoza's 2017 interview. Mr. Bolanos-Garza has also discussed prior cartel involvement, and we again refer the government to bates number 10cr459-065500. Please confirm that information in the government's possession regarding Messrs. Bolanos-Garza and Rodriguez-Mendoza's involvement in gangs or cartels has been disclosed to the defense.**

Jill Jenkins Stotts, AUSA  May 21, 2021
Lisa Marie Collins, AUSA
Barry Kent Disney
Page 16

- disciplinary records from pretrial detention; **[we have one page for Mr. Bolanos-Garza at Bates 64638, and nothing for Mr. Rodriguez-Mendoza] Your April 30 letter states these have been requested and will be produced upon receipt; please advise of the status.**
- information tending to negate or weaken claims that either defendant was remorseful, readily cooperative, or readily willing to accept a life sentence;
- for Mr. Rodriguez-Mendoza, information that would tend to negate or weaken his claims of intellectual disability or mental impairment or disability. **The April 30 letters states that you will provide a copy of the government's report along with a protective order. We have agreed to the terms of the government's proposed protective order, and we await that production.**

8. A more legible copy (preferably native format) for Bates Number 7279. **Produced May 3, 2021, thank you.**

9. Please identify the witness to whom the handwritten note "bad wit" refers (Bates Number 2100). **Your April 30 letter states that it is not clear to whom this note refers, but that in any event, it would be privileged work product. We disagree that this would be privileged (or that, even if it were, it has now been waived). If the government learns that this note refers to a witness in this case, we maintain our request.**

10. Please produce all investigation by the government into the presence or involvement of other individuals at the warehouse during the time period alleged in the second superseding indictment, including "Pericho," "Compadre," "Gordito," "Chicken Little," "Jumanji," and the "man from the vans," including the identification of these individuals, physical descriptions, sketches, photographs, and interviews of those individuals. **Your April 30 letter certifies that all relevant discovery has been produced.**

11. We request another opportunity to view the government's files in this case. We greatly appreciated your invitation to review those files, which we did on January 21, 2020. Because a number of our follow-up requests from that review remain outstanding, it might make things easier for both parties if we could look at the items together for which we had requested copies during the January, 2020 review. **If this can be combined with the requested evidence review, that would be appreciated. We have requested the evidence review to proceed on June 1-3 and await confirmation.**

12. Finally, we will need to schedule a time for a review of the physical evidence in this case. As you will recall, this had been scheduled for the week of March 16, 2020, but was canceled because of the Court's order dismissing the indictment as well as the

Jill Jenkins Stotts, AUSA  
Lisa Marie Collins, AUSA  
Barry Kent Disney  
Page 17

May 21, 2021

President's declaration of national emergency on March 13, 2020. **We have requested the evidence review to proceed on June 1-3 and await confirmation.**

**Regarding our February 25, 2021 letter regarding missing bates numbers. Your April 30 email notes that these bates numbers are missing from your files as well. We look forward to resolving whether the missing bates numbers reflect documents not yet produced at the upcoming evidence review.**

**Regarding the discovery Requests from our March 18, 2021 email:**

1. **We requested notes of interview from Mr. Espinoza-Diaz as the November 22. 2006 refers to a "re-interview." We note one of the photos from the search of the warehouse on November 21, 2006 (no bates numbers included) appear to show an FBI agent speaking with Mr. Espinoza-Diaz. We repeat our request for all notes of interviews with Mr. Espinoza-Diaz.**

2. **We raised a few questions regarding the jail calls and transcripts from June 2, 2007 through April 2008. Your April 30 email responded to all questions, but noted that the government is still working on getting copies of the recordings from November 15, 2007 through June 2008. Please advise as to the status.**

### III.   REQUEST FOR DISCOVERY CONFERENCE

We appreciate that there are a large number of outstanding requests for discovery, and that you may need the assistance of other agencies to respond to some of them. We propose a scheduling conference at the beginning of March 2021. This should hopefully provide you with enough time to track down these various requests, verify the scope of outstanding records, and determine the logistics of responding to the requests. At that conference, we propose discussing the status of the requests, and identify which, if any, requests the government intends to oppose so that we can narrow and promptly identify areas in which we may need to seek the assistance of the Court. **We discussed holding a discovery conference after the evidence review; our proposed revised schedule suggested a date of June 14, 2021 – please advise if that date is good for the government.**

Jill Jenkins Stotts, AUSA        May 21, 2021
Lisa Marie Collins, AUSA
Barry Kent Disney
Page 18

    As always, if you have questions about any of these requests, please contact us.

                              Sincerely,

| /s/ Wendell A. Odom, Jr | /s/ James Wyda |
|---|---|
| WENDELL A. ODOM, JR. | JAMES WYDA (#25298) |
| Texas State Bar # 15208500 | Federal Public Defender |
| Federal Bar # 0947 | Office of the Federal Public Defender |
| 440 Louisiana, Suite 200 | 100 South Charles Street |
| Houston, TX 77002 | Tower II, 9th Floor |
| (713) 223-5575 | Baltimore, Maryland 21201 |
| (713) 224-2815 (FAX) | (410) 962-3962 |
|  | (410) 962-0872 (FAX) |
| /s/ Neal Davis, III |  |
| NEAL DAVIS, III | /s/ Julie L.B. Stelzig |
| Texas State Bar #24038541 | JULIE L.B. STELZIG (#27746) |
| Federal Bar # 706329 | Assistant Federal Public Defender |
| 440 Louisiana, Suite 200 | 6411 Ivy Lane, Suite 710 |
| Houston, TX 77002 | Greenbelt, Maryland 20770 |
| (713) 223-5575 | (301) 344-0600 |
| (713) 224-2815 (FAX) | (301) 344-0019 (FAX) |