IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. H-10-459 |
| WILMAR RENE DURAN GOMEZ, | |
| Defendant. | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION (Doc. 689)
for Disclosure of Contacts between the Government and Jailhouse Informants**

NOW COMES the United States of America, and hereby responds to the Defendant's Motion for Disclosure of Contacts between the Government and Jailhouse Informants (Doc. 689):

Although, the Government does not have a general objection to an order requiring it to provide the names of any "jailhouse informants" it intends to call at trial it, it does have two specific objections to the defendant's motion.

First, the defendant seeks disclosure by November 30, 2021. The Government requests that disclosure be ordered thirty days from the date the order is issued.

Second, any order should contain a definition of "jailhouse informant." The defendant's motion does not define the term "jailhouse informant" but speaks of "fellow inmates" that the defendant may have "crossed paths with." Such a loose definition could include his co-defendants or other witnesses already known through discovery. Without a comprehensive definition of "jailhouse informant" the Government can only guess at what is encompassed in the term and is therefore at risk of not disclosing a witness the defendant considers to be included within the definition, but the Government does not. Therefore, the Government proposes the Court adopt the following definition of "jailhouse informant"

1

"Jailhouse Informant" - A person:

1. To which the defendant made a statement against the defendant's interest[1];
2. The statement was made during a time when the person was imprisoned or confined in the same correctional facility as the defendant[2]:
3. The person provided evidence of the statement for pay, for immunity from punishment, or for personal advantage or vindication[3];
4. The person has no other connection to the defendant's case[4];
5. The person has not been identified in discovery[5].

Using the above definition for the term "jailhouse informant," the Government has no objection to an order requiring that it disclose to the defendant (1) the names of any jailhouse informants it intends to call at trial, (2) the names of the government agents to whom those informants have spoken, and (3) any rewards or inducements the government has given those informants in return for their anticipated testimony.

Respectfully submitted,

JENNIFER LOWERY
Acting United States Attorney

By: /s/ Barry K. Disney
Barry K. Disney
Trial Attorney
United States Department of Justice

By: /s/ Jill Stotts
Jill Stotts
Assistant United States Attorney
/s/ Lisa Collins
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on November 15, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record.

/s/ Barry K. Disney

---

[1] Pattern Crim. Jury Instr. 5th Cir. 1.15 (2019)).
[2] Pattern Crim. Jury Instr. 5th Cir. 1.15 (2019)).
[3] Pattern Crim. Jury Instr. 5th Cir. 1.15 (2019)).
[4] Identified in Defendant's motion (Doc. 689)
[5] Identified in Defendant's motion (Doc. 689)

Barry K. Disney
Trial Attorney
Capital Case Section
United States Department of Justice
1331 F. Street NW
Washington, DC  20004
Barry.Disney@usdoj.gov
