United States District Court for the
Southern District of Texas

United States

v.

Wilmar Rene Duran Gomez

No. 4:10-cr-459

**Reply to Government's Response to Motion for Disclosure of
Contacts with Jailhouse Informants**

In its response to Defendant Wilmar Rene Duran Gomez's motion for disclosure of jailhouse informants, the government (1) requests that disclosure be due within 30 days of the Court's entry of an order, rather than on November 30, 2021, and (2) proposes a definition of "jailhouse informant." ECF No. 714. Mr. Duran Gomez does not object to the government's first request, but he asks that the Court also direct the government to supplement its disclosure every 90 days after its first disclosure is due. Imposing rolling deadlines of this type will ensure that, if the government subsequently obtains evidence from a jailhouse informant, Mr. Duran Gomez is not deprived of notice merely because the informant's contact with the government occurred after the initial disclosure deadline.

As to the government's proposed definition, Mr. Duran Gomez believes it is overly narrow in two respects. The government defines a jailhouse informant, in part, as someone who (1) "has not been identified in discovery," and (2) "has no . . . connection to [Mr. Duran Gomez's] case" other than their interaction while in detention. ECF No. 714 at 2. This definition would apparently exclude the five co-defendants in this case, as well as any person whose name appears anywhere in the tens of thousands of pages of discovery produced to date. But if any of these people has inculpated Mr. Duran Gomez in return for

1

consideration such as sentencing leniency or the dismissal of charges, Mr. Duran Gomez should be informed of that fact far enough in advance of trial that he can fully investigate both the statement and the declarant. There is no reason to artificially restrict the definition of "jailhouse informant" in a way that excludes anyone with any "connection," however peripheral, to Mr. Duran Gomez's case. Nor should the government be relieved of its disclosure duty simply because an informant's name is one of the many hundreds scattered throughout the discovery.

Rather, the Court should direct the government to make disclosure as to *every* witness who will testify about supposedly inculpatory statements Mr. Duran Gomez made while in pretrial detention, regardless of the degree of their connection to this case.

Respectfully submitted,

| | |
|---|---|
| */s/ Wendell A. Odom, Jr* | */s/ James Wyda* |
| WENDELL A. ODOM, JR. | JAMES WYDA (#25298) |
| Texas State Bar #15208500 | Federal Public Defender |
| Federal Bar #0947 | Office of the Federal Public Defender |
| 440 Louisiana, Suite 200 | 100 S. Charles Street |
| Houston, TX 77002 | Tower II, 9th Floor |
| (713) 223-5575 | Baltimore, MD 21201 |
| (713) 224-2815 (FAX) | (410) 962-3962 |
| | (410) 962-0872 (FAX) |
| | jim_wyda@fd.org |
| | |
| */s/ Neal Davis, III* | */s/ Julie L.B. Stelzig* |
| NEAL DAVIS, III | JULIE L.B. STELZIG (#27746) |
| Texas State Bar #24038541 | Assistant Federal Public Defender |
| Federal Bar #706329 | 6411 Ivy Lane, Suite 710 |
| 440 Louisiana, Suite 200 | Greenbelt, MD 20770 |
| Houston, TX 77002 | (301) 344-0600 |
| (713) 223-5575 | (301) 344-0019 (FAX) |
| (713) 224-2815 (FAX) | julie_stelzig@fd.org |