**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

UNITED STATES OF AMERICA,

        Plaintiff,

   v.

WILMAR RENE DURAN GOMEZ,

        Defendant.

Case No. H-10-459

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION (Doc. 690)
TO EXCLUDE THE GOVERNMENT'S EXPERT WITNESSES OR, IN THE
ALTERNATIVE, DIRECTING THE GOVERNMENT TO SUPPLEMENT ITS EXPERT
WITNESS NOTICE**

NOW COMES the United States of America, by and through Jennifer B. Lowery, United

States Attorney, and  Jill Stotts and Lisa Collins, Assistant United States Attorneys and Barry K.

Disney, Department of Justice Trial Attorney and hereby responds to the Defendant's Motion to

Exclude the Government's Expert Witnesses or, in the Alternative, Directing the Government to

Supplement its Expert Witness Notice as follows:

**Introduction**

On June 17, 2021, the government, as required by Rule 16(a)(1)(G) of the Federal Rules of

Criminal Procedure, gave notice to the defendant of its intent to use the expert testimony of certain

witnesses in the jury trial then scheduled for May 23, 2022.  The defendant contends the

government's notice is insufficient and as a result the Court should prohibit the government from

introducing testimony from all witnesses set forth in its notice.

The government concedes that as it relates to the following witnesses:

    1. Dr. Erin Barnhart-Galveston County Medical Examiner's Office Chief Medical
       Examiner,

1

2. Teresa S. Busby CLPE-Finger print specialist with Custom and Border Patrol, and

3. "A computer forensic expert to be supplemented at a later date"

the Notice is insufficient as it has not been linked to any specific discovery. The government hereby withdraws its notice as it relates to Dr. Barnhart, Teresa Busby, and "[a] computer forensic expert to be supplemented at a later date." Should the government determine that it is necessary to call these witnesses at trial it will first file a motion seeking the Court's approval. Because the defendant will suffer no prejudice and will have an opportunity to be heard should the government move to give notice on these witnesses, the Court should decline the request to permanently exclude them from being called at trial at this time.

As it relates to the remaining witnesses, the defendant's motion should be denied. The notice sufficiently advises the defendant of the details of the anticipated testimony of the witnesses with enough detail to achieve the purpose of the Rule 16…avoiding trial by ambush. Alternatively, even if it is determined that the government's notice pertaining to the remaining witnesses is insufficient, this Court should not exclude the witnesses but rather order the government to supplement the notice. The defendant will not suffer any prejudice by allowing the government to supplementing its notice as the jury trial that had been scheduled for May of 2022 has now been indefinitely postponed.

## Background

In anticipation of a May 23, 2022, jury trial the parties entered into an amended joint proposed trial schedule (Doc. 643). Pursuant to this schedule the government agreed to provide non-mental health expert disclosure by June 18, 2021. On June 17, 2021, the government filed a Notice setting forth its intent to use the testimony of certain expert witnesses (Doc. 648). This Notice set forth the names of six witnesses, the area of testimony, and referenced the discovery that had been

provided.  On October 8, 2021, the defendant filed a Motion to Exclude the testimony of all the witnesses set forth in the government's notice. The defendant's motion was premised on the belief that a trial would commence on May 23, 2022. Subsequently, on October 29, 2021, the Court issued a Memorandum and Order striking the government's Notice of Intent to Seek the Death Penalty (Doc. 719). The government has appealed this Order (Doc. 729) and as a consequence the May 23, 2022, trial date has been set aside and a new trial date has not been set.

**Argument and Authority**

**i. the detail provided adequately provides the scope of the witnesses testimony**

Rule 16(b)(1)(G) of the Federal Rules of Criminal Procedure provides that the government must give a written summary of the testimony of any expert it intends to use at trial. The rule is designed to ensure that the defendant knows what the government's expert testimony will cover and to avoid a trial by ambush. *United States v. Vargas*, 915 F.3d 417, 2019 U.S. App. LEXIS 3557 (7th Cir. 2019); *United States v. Kelly*, 420 F.2d 26, 1969 U.S. App. LEXIS 10264 (2d Cir. 1969). The extent of detail that must be covered in the notice is largely dependent upon the nature of the expert testimony to be provided. *United States v. Wilkerson*, 189 F.R.D. 14, 1999 U.S. Dist. LEXIS 14784 (D. Mass. 1999).

As set forth above, the government withdraws its notice as to three of the witnesses: Dr. Erin Barnhart, Teresa Busby, and a computer forensic expert. As to the remaining three witnesses, as is set forth below, the government's notice is more than sufficient to apprise the defendant of the what the witness testimony will cover.

*Dr. Steven Pustilnik -Former Galveston County Medical Examiner*

Dr. Pustilnik performed the autopsies on each of the defendant's victims and prepared reports setting forth his findings. These autopsy reports have been provided to the defendant in discovery. As the defendant begrudgingly acknowledges, these reports set forth Dr. Pustilnik's

3

opinion that the victims died as a result of multiple blunt force trauma and sets forth in detail the various injuries to the bodies that the doctor used to form his opinion. The defendant's complaint is that the reports do not describe *how* the doctor ruled out other possible causes of death. The defendant further complains that the reports do not include "all the underlying data" upon which the doctor relied in forming his opinion. But the defendant cites no support for his contention that such detail is required under Rule 16(b)(1)(G) and such a claim is contrary to the plain language of the rule that simply requires a summary of "the witness's opinion and the basis and reasons for those opinions."

2. Rebecca Thomas and Amy Juanquenat - DNA Analysis

Thomas and Juanquenat performed DNA analysis on certain evidence.  A report setting forth their findings have been provided to the defense. The defendant complains in his motion that the government's notice is deficient because it does not set forth "which matches, exclusions, or inconclusive results"  the government will elicit from the witnesses. This argument should be rejected. Rule 16(b)(1)(G) does not require the government to present such detail. The reports document the possible areas of inquiry that the government may inquire about.  Any further refinement of the experts' testimony is not required.

### ii. amendment of the notice will not prejudice the defendant

Should the Court determine the notice provided by the government is inadequate then the proper remedy would be to order the government to amend the notice. The jury trial has been postponed and a new date has not been scheduled and the defendant would not suffer prejudice. See United States v. Kuenstler, 325 F.3d 1015, 2003 U.S. App. LEXIS 7078 (8th Cir. 2003), (finding defendant not prejudiced by government's failure to disclose expert witnesses).

4

## V. Conclusion

The defendant's attempt to exclude the testimony of Dr. Pustilnik and DNA Analysist Thomas and Juanquenat should be denied.  The government's notice and the reports from the witnesses provide the defendant with adequate notice of what the witnesses will testify to at trial. If, however, the Court determines the notice is deficient, allowing the government to amend the notice is the proper remedy as doing so will not prejudice the defendant.

Respectfully submitted,

JENNIFER LOWERY
United States Attorney

*/s/* Barry K. Disney
Trial Attorney
United States Department of Justice
1331 F. Street NW
Washington, DC  20004
Barry.Disney@usdoj.gov

Jill Stotts
Lisa Collins
Assistant United States Attorneys


## CERTIFICATE OF SERVICE

I hereby certify that on April 25, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record.

/s/ Barry K. Disney
Barry K. Disney
Trial Attorney
Capital Case Section
United States Department of Justice
1331 F. Street NW
Washington, DC  20004
Barry.Disney@usdoj.gov